HARRY REISMAN et al., Plaintiffs-Appellees, v. BERTALDO DELGADO, Defendant—(Coronet Insurance Company, Defendant and Garnishee-Appellant).

First District (5th Division)   No. 82—2802

Opinion filed August 26, 1983.

Fisch, Lansky & Greenburg, of Chicago (Morris A. Haft, of counsel), for appellant.

Larry Karchmar, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Coronet Insurance Co. appeals from a post-judgment ruling which ordered it, as garnishee, to pay $10,000 to Harry and Rita Reisman, the judgment creditor's of Coronet insured (Bertaldo Delgado). (See Ill. Rev. Stat. 1981, ch. 110, par. 12—701 *et seq.*) According to Coronet the trial court committed reversible error when it held that (1) the insurer could not assert policy defenses which it could have raised against its insured; (2) the insured did not breach his policy's notice-of-suit provision; and (3) the insurer was not prejudiced, even though it did not receive notice of plaintiffs' action until after the default judgment entered in that case had become final.

We find the trial court erred, and we reverse. Pertinent to our decision are the following facts:

Plaintiffs Harry and Rita Reisman filed an action against Bertaldo Delgado alleging that on May 28, 1976, they suffered damages of $10,000 as a result of an automobile accident caused by Delgado's negligence. Summons was served on Delgado, and Coronet, his insurer, hired counsel to defend him after it received notice of this action. However, the action was dismissed for want of prosecution,

and the dismissal order became final after 30 days.

Plaintiffs then filed a second action based on the same accident (see Ill. Rev. Stat. 1981, ch. 110, par. 13—217), but they were unable to find Delgado. Alleging that he had become a nonresident of Illinois, plaintiffs acted to obtain *in personam* jurisdiction over Delgado by serving summons on the Secretary of State. (See Ill. Rev. Stat. 1981, ch. 95½, par. 10—301.) Delgado failed to answer or appear, and the plaintiffs obtained a $10,000 default judgment on May 21, 1981.

Coronet first received notice of the second cause of action on August 20, 1981—more than 30 days after entry of the default judgment—when the plaintiffs commenced proceedings to garnish the proceeds of Delgado's liability insurance policy.

In the garnishment proceedings, Coronet asserted it was not liable to the plaintiffs on the grounds that Delgado breached his policy's notice-of-suit provision, and that notice of the lawsuit was not received until after the default judgment became final. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(e).) An evidentiary hearing was held in the garnishment action, and a Coronet officer testified that (a) the insurer did not receive notice of the second lawsuit until August 20, 1981, and (b) that Delgado's policy contained a provision which required the insured "to notify the company of any summonses, subpoenas, or notices regarding any lawsuits as soon as possible." (The insurance policy was not introduced into evidence at this hearing, but the plaintiffs did not object to secondary evidence of the contents of this document, and they do not claim that this testimony was inaccurate.)

The trial court held that the insured's breach of the notice-of-suit provision was not a valid defense to plaintiffs' garnishment action and that, in any event, Coronet was not prejudiced by this lack of notice because it received notice of the default judgment in time to seek post-judgment relief under section 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401.) The court accordingly ordered Coronet to pay $10,000 to the plaintiffs.

OPINION

■ We initially consider whether the trial court erred when it held that Coronet could not assert against the plaintiffs a defense it could have asserted against its insured.

" 'The general rule in garnishment is that a claim asserted by a judgment creditor against a garnishee must be one which the judgment debtor himself could have maintained.' (*Hunter Manufacturing, Inc. v. Hines* (1979), 76 Ill. App. 3d 664, 395 N.E.2d 186.) Therefore,

where an insured has breached policy conditions, a garnishment action generally will not lie." (*Johnson v. R & D Enterprises* (1982), 106 Ill. App. 3d 496, 500.) Specifically, when the judgment creditor of an insured seeks to garnish the proceeds of an insurance policy, the insurer can assert any defenses which it could have raised against the insured, "absent some provision of the law which bars the insurer from raising those defenses." *Johnson v. R & D Enterprises* (1982), 106 Ill. App. 3d 496, 498.

Consequently, "where the policy is of a statutory type, that is, one required as a condition precedent to the operation of the particular vehicle upon the highway, the breach of a condition such as notice is generally held immaterial so far as the rights of third persons are concerned." 8 Appleman, Insurance Law & Practice sec. 4732, at 19-20 (1981). See, *e.g.*, *Johnson v. R & D Enterprises* (1982), 106 Ill. App. 3d 496 (decided under a statute which prohibits trucking companies from operating motor vehicles unless they either obtain a specified amount of liability insurance or provide proof of financial responsibility).

The plaintiffs do not claim that Delgado was statutorily required to obtain insurance as a condition precedent to operating a motor vehicle in Illinois. Instead, they argue that it would "foster" the policy behind the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1981, ch. 95½, par. 7—100 *et seq.*) to prohibit insurers from asserting policy defenses against the insured's judgment creditors.

In this regard it appears that "[a] policy issued to comply with a financial responsibility act would relieve the injured persons of the hazard of being confronted with policy defenses by the insurer, if the insured were a person required to comply with that statute, although a different result would follow where the insured was not in that category." 8 Appleman, Insurance Law & Practice sec. 4818, at 413-14 (1981).

In the present case, however, the plaintiffs do not claim that the insured was within the category of drivers who are required, under the Illinois Safety Responsibility Law, to either prove their financial responsibility or obtain an insurance policy which meets statutory requirements. (See Ill. Rev. Stat. 1981, ch. 95½, par. 7—301 *et seq.*) We, therefore, hold that the Safety Responsibility Law does not prevent Delgado's insurer from relying on breach-of-policy defenses in a garnishment action. *Cf. Johnson v. R & D Enterprises* (1982), 106 Ill. App. 3d 496.

■ Next, the plaintiffs argue that Delgado did not breach the notice-of-suit provision because summons was served on the Secretary of

State, and Delgado allegedly never had actual notice of the second suit.

When a defendant who is or becomes a nonresident of Illinois causes injury or damage as the result of operating a motor vehicle on Illinois highways, section 10—301 of the Illinois Vehicle Code provides that it shall be assumed the defendant has agreed to appoint the Secretary of State "to be his true and lawful attorney" for service of process in actions arising out of such occurrences, and that such service "shall be of the same legal force and validity as though served upon him personally." Ill. Rev. Stat. 1981, ch. 95½, par. 10—301.

The validity of plaintiffs' default judgment against Delgado depends upon operation of section 10—301, and they cannot now deny that their service of summons on Delgado's "true and lawful attorney" had the "same legal force and validity as though served upon him personally." The legal effect of personal service is that the defendant so served is held to have knowledge of the lawsuit, and the plaintiffs (having obtained benefit of section 10—301) cannot deny that Delgado knew of their second lawsuit. Giving service of process under section 10—301 "the same legal force and validity" as personal service, we hold that the plaintiffs are estopped from denying that Delgado knew of the second lawsuit and breached the notice-of-suit provision of his insurance policy.

■ Finally, we consider the effect of the failure to give Coronet notice of plaintiffs' second action until after the default judgment had become final.

"[I]n the absence of statutes or required form policies, most courts hold that an insured's breach of his obligation to give timely notice of an accident, claim or suit operates to prevent a recovery by the injured person." (8 Appleman, Insurance Law & Practice sec. 4816 at 383 (1981).) However, "It has been held elsewhere that in an action affecting the rights of innocent third parties under an automobile liability insurance policy, noncompliance by the insured with policy provisions as to notice and forwarding suit papers will not bar recovery, unless the insurer shows that the failure to give such notice has resulted in substantial prejudice to its rights." 8 Appleman, Insurance Law & Practice sec. 4816, at 388 (1981).

We need not decide which rule is applicable in Illinois, because the manifest weight of the evidence establishes that Coronet suffered substantial prejudice. Where, as in the present case, "the insure[d] failed to forward suit papers, prejudice to the insurer is clearly established by the fact that a default judgment was taken against its insure[d]." (*Hargrove v. CNA Insurance Group* (1974), 228 Pa. Super. 336, 340,

323 A.2d 785, 787.) An insurer is prejudiced when it does not receive notice of a lawsuit until after entry of a default judgment because, in such cases, it "did not have an opportunity to appear and defend the action on liability, was not given an opportunity to cross-examine plaintiffs' witnesses on damages and was not given an opportunity to present its own evidence relative to liability and damages." *Flagg v. Puleio* (1959), 189 Pa. Super. 329, 334, 150 A.2d 400, 402.

The plaintiffs nevertheless argue Coronet was not prejudiced because it obtained notice of their action within time to seek post-judgment relief under section 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401.) However, the judgment entered against Delgado appears to be valid, and the plaintiffs fail to show there is good cause for granting relief from this judgment under section 2—1401.

We hold the manifest weight of the evidence establishes that Coronet suffered substantial prejudice from breach of the notice-of-suit provision.

Based on all the reasons given above, the judgment ordering Coronet to pay $10,000 to the plaintiffs is reversed.

Reversed.

SULLIVAN and MEJDA, JJ., concur.