KATHERINE RICE, Plaintiff-Appellant, v. AAA AEROSTAR, INC., d/b/a Rally's Restaurant, Defendant (State Farm Fire and Casualty Company, Garnishee-Appellee).

Fourth District   No. 4—97—0488

Argued November 18, 1997.—Opinion filed February 9, 1998.

802

Carol J. Reid (argued), of Springfield, for appellant.

David L. Drake (argued) and Matthew D. Bilinsky, both of Drake, Narup & Mead, P.C., of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:
This case presents the question whether an insurance company can avoid payment of a claim because it was not given notice that

suit had been filed, although it was given notice of the occurrence. We reject plaintiff's argument that the insurer's awareness of the potential for lawsuit gave the insurer notice sufficient for it to locate and defend the suit. Nevertheless, we reverse the summary judgment entered for the insurer, because the insurer's affidavit did not negate the possibility that the insurer had actual notice.

On July 7, 1992, plaintiff slipped and fell in a parking lot owned by defendant, AAA Aerostar, Inc., d/b/a Rally's Restaurant. At the time of the fall, plaintiff was 8½ months pregnant. Defendant's insurer, State Farm Fire and Casualty Company (State Farm), was notified of the incident. In August 1992, State Farm advised plaintiff that for a period of one year all reasonable medical expenses were covered under the medical payments provisions of defendant's insurance policy. In September 1992, plaintiff retained Florence L. Bain to prosecute a personal injury claim against defendant. State Farm investigated the claim and, during the interim, paid approximately $4,375 in medical expenses.

In March 1993, upon completing its investigation, State Farm denied liability on the part of defendant. In response to State Farm's denial, Bain wrote State Farm a letter outlining plaintiff's potential legal claim and offering settlement terms. In September 1993, State Farm took plaintiff's statement regarding the incident. State Farm again denied liability. In a status report dated December 1993, State Farm's claim representative, Pamela Woodson, noted that the only work remaining on the claim was defending a potential lawsuit. However, in January 1994, State Farm closed its file because plaintiff had not yet filed suit. The two-year statute of limitations would run July 7, 1994. See 735 ILCS 5/13—202 (West 1992).

In early 1994, State Farm was contacted by plaintiff's second attorney, Patricia Hayes. Hayes, via a representation letter, advised State Farm she was now representing plaintiff and had a lien on all money recovered by suit, settlement or otherwise. Once again, State Farm denied liability, and after numerous attempts to contact Hayes, State Farm again closed the file, in February 1994. In June 1994, Hayes, on plaintiff's behalf, filed a complaint against defendant for negligence. In December 1994, the trial court entered a default judgment against defendant. In September 1995, the court entered a final order awarding plaintiff $48,500 plus costs.

At some point prior to the entry of judgment defendant filed bankruptcy, thereby preventing plaintiff from collecting from defendant on the judgment. In January 1996, plaintiff sought to garnish defendant's insurance fund. In February 1996, State Farm moved for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil

Procedure (735 ILCS 5/2—1005 (West 1994)). State Farm argued its policy required written notice of all lawsuits filed against its insured. Because neither its insured nor plaintiff notified State Farm of the lawsuit, the policy was breached and plaintiff could not collect from the insurance fund. In April 1996, State Farm requested plaintiff admit she and her attorney failed to notify State Farm of the suit. The request to admit went unanswered.

In July 1996, Hayes withdrew from the case. Subsequently, another attorney appeared on behalf of plaintiff and later withdrew. In January 1997, plaintiff, via her fourth attorney, responded to State Farm's request and admitted she never contacted State Farm regarding the lawsuit; however, she was uncertain whether Hayes or Hayes' associates contacted State Farm. In conjunction with the admission, the court granted plaintiff leave to respond to State Farm's summary judgment motion.

In February 1997, State Farm took Hayes' deposition. In her deposition, Hayes admitted she never advised State Farm of the lawsuit filed against defendant and she was unsure whether anyone in her office contacted State Farm. Additionally, her records did not indicate whether State Farm was ever notified of the lawsuit. State Farm offered plaintiff's admissions and Hayes' deposition as evidence supporting its summary judgment motion. State Farm also submitted interrogatories answered by Michael Beaman, a State Farm claim supervisor, and an affidavit, signed by Beaman, outlining State Farm's knowledge of the lawsuit. The affidavit stated State Farm "was not informed by [p]laintiff, [p]laintiff's attorney, any representative of [p]laintiff or any entity that [defendant] had been served with summons" for the lawsuit. In a similar fashion, Beaman's affidavit also denied State Farm was informed of the motion for default judgment, the hearing on the motion for default judgment, the motion to set damages, or the hearing to set damages. Beaman's interrogatories denied State Farm received a copy of plaintiff's complaint against defendant.

In response to State Farm's motion, plaintiff argued State Farm had actual notice of the lawsuit via settlement negotiations conducted prior to suit being filed. Plaintiff relied on written statements made by Woodson, the claim representative, as evidence that State Farm had knowledge of the lawsuit. Woodson's reports stated plaintiff was threatening to file suit and a lawsuit was possible; therefore, plaintiff argued State Farm was aware of the potential for a lawsuit and should have checked with plaintiff, defendant, or the clerk of the court to determine whether the suit had been filed. In May 1997, the court granted State Farm's motion for summary judgment. Plaintiff appeals.

■ In ruling upon a summary judgment motion, the evidence is reviewed *de novo* and construed in the light most favorable to the nonmovant. See *Walker v. Rogers*, 272 Ill. App. 3d 86, 89, 650 N.E.2d 272, 274 (1995), citing *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 518, 622 N.E.2d 788, 792 (1993). Summary judgment is properly entered when the pleadings, depositions, admissions, and affidavits fail to establish a genuine issue of material fact, thereby entitling the movant to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994). The movant may be granted summary judgment in two instances: (1) when the movant affirmatively disproves the nonmovant's case by introducing evidence that, if uncontroverted, would entitle the movant to judgment as a matter of law (see *Purtill v. Hess*, 111 Ill. 2d 229, 240-41, 489 N.E.2d 867, 871 (1986)), or (2) when the movant can establish the nonmovant lacks sufficient evidence to prove an essential element of the cause of action (see *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 273, 106 S. Ct. 2548, 2552 (1986); *Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813, 817, 416 N.E.2d 328, 331 (1981)). See also 4 R. Michael, Illinois Practice § 40.3, at 271-72 (1989) (Civil Procedure Before Trial).

■ In this case, State Farm, via its motion for summary judgment, attempts to affirmatively disprove plaintiff's case by establishing it never received notice of the lawsuit against its insured. As the movant, State Farm bears the burden of persuasion and the initial burden of production. See *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459 (1974). Only if State Farm satisfies its initial burden of production does the burden shift to plaintiff to present some factual basis that would arguably entitle her to a favorable judgment. See *Carruthers*, 57 Ill. 2d at 380, 313 N.E.2d at 459; *Bank of Waukegan v. Epilepsy Foundation of America*, 163 Ill. App. 3d 901, 906, 516 N.E.2d 1337, 1340 (1987). Plaintiff is generally not required to file counteraffidavits or depositions in response to State Farm's summary judgment motion, but well-pleaded facts set forth in State Farm's affidavit must then be accepted as true. See *Carruthers*, 57 Ill. 2d at 381, 313 N.E.2d at 460; *Lappin v. Costello*, 232 Ill. App. 3d 1033, 1040, 598 N.E.2d 311, 316 (1992).

Defendant's insurance policy requires that State Farm receive written notice of any legal actions brought against it. The policy states the following:

"3. Duties in the [e]vent of [o]ccurrence, [c]laim or [s]uit.

a. You must see to it that we are notified promptly of an occurrence that may result in a claim. Notice should include:

(1) how, when and where the occurrence took place; and

(2) the names and addresses of any injured persons and witnesses.

b. If a claim is made or suit is brought against any insured, you must see to it that we receive prompt written notice of the claim or suit.

c. You and any other involved insured must:

(1) immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

(2) authorize us to obtain records and other information;

(3) cooperate with us in the investigation, settlement or defense of the claim or suit; and

(4) assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

d. Except at their own cost, no insureds will voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent."

State Farm argues the policy was breached because it was never notified of the lawsuit; therefore, plaintiff may not garnish the insurance fund.

■ Generally, in garnishment proceedings, a judgment creditor may only collect from the insurance company if the insured could have enforced the insurance policy. *Reisman v. Delgado*, 117 Ill. App. 3d 331, 333-34, 453 N.E.2d 902, 904 (1983); *Hunter Manufacturing, Inc. v. Hines*, 76 Ill. App. 3d 664, 665, 395 N.E.2d 186, 187 (1979). An insured's breach of the insurance policy generally prohibits the judgment creditor from garnishing the insurance fund. See *Reisman*, 117 Ill. App. 3d at 334, 453 N.E.2d at 904; *Johnson v. R&D Enterprises*, 106 Ill. App. 3d 496, 500-02, 435 N.E.2d 1233, 1236-37 (1982); *cf. Pawlik v. Nichols*, 195 F. Supp. 735, 742 (E.D. Ill. 1961); *Sandoval v. Chenoweth*, 102 Ariz. 241, 245, 428 P.2d 98, 102 (1967). The rationale is to prevent the insurance company from being substantially prejudiced by a judgment entered against its insured without opportunity to appear and defend the insured. 8 J. Appleman & J. Appleman, Insurance Law & Practice § 4816, at 383 (1981); see generally *M.F.A. Mutual Insurance Co. v. Cheek*, 66 Ill. 2d 492, 500, 363 N.E.2d 809, 813 (1977).

■ Not every breach of a policy condition by the insured will allow the insurer to avoid payment under the policy. The law is also concerned with the rights of the public, especially where the insurance coverage is mandated by statute. See *Johnson*, 106 Ill. App. 3d

at 501, 435 N.E.2d at 1236. After the cause of action has accrued to an injured person, the parties to the insurance contract cannot by any release, agreement, or collusion destroy the right of the injured person to indemnity. 7A Am. Jur. 2d *Automobile Insurance* §§ 581, 582 (1997). A concern for the public, beyond the rights of the insured who has paid for the policy, is found in section 388 of the Illinois Insurance Code, which mandates that insolvency or bankruptcy of the insured shall not release the company from payment to the injured party. 215 ILCS 5/388 (West 1992).

■ Despite the language of its policy, State Farm need not receive "written notice of the claim or suit" from its insured. Nor is it necessary that State Farm receive "copies of any demands, notices, summonses, or legal papers received in connection with the claim or suit." State Farm may still be liable for the judgment if it had "actual notice" of the lawsuit. See *Long v. Great Central Insurance Co.*, 190 Ill. App. 3d 159, 168, 546 N.E.2d 739, 744 (1989); *Olivieri v. Coronet Insurance Co.*, 173 Ill. App. 3d 867, 872, 528 N.E.2d 986, 989 (1987) (plaintiff's counsel sent insurer a copy of the complaint and summons at the time of filing). "Actual notice" means notice sufficient for the insurer to locate and defend the suit. *Long*, 190 Ill. App. 3d at 168, 546 N.E.2d at 744; *Keepers v. Powell*, 131 Ill. App. 2d 423, 427, 268 N.E.2d 488, 491 (1971).

■ There are differences between the notice of an occurrence and notice that a suit has been filed. The purpose of notice of the occurrence is to enable the insurer to conduct a timely and thorough investigation of the insured's claim, while the purpose of notice of the lawsuit is to enable the insurer to locate and defend the suit. *Kerr v. Illinois Central R.R. Co.*, 283 Ill. App. 3d 574, 585, 670 N.E.2d 759, 767 (1996) (notice of occurrence). In the present case State Farm was able to conduct a timely and thorough investigation of the insured's claim, because it had notice of the occurrence.

■ There is some uncertainty in the cases whether prejudice to the insurer must be shown before it is relieved of its duty to indemnify. See *General Casualty Co. v. Juhl*, 283 Ill. App. 3d 376, 382, 669 N.E.2d 1211, 1215 (1996) (damage is inherent in such a situation); *University of Illinois v. Continental Casualty Co.*, 234 Ill. App. 3d 340, 364, 599 N.E.2d 1338, 1355 (1992) (when insured fails to comply with prompt notice requirement, insurer may deny liability regardless of whether it has been prejudiced by delay); *Millers Mutual Insurance Ass'n v. Graham Oil Co.*, 282 Ill. App. 3d 129, 141, 668 N.E.2d 223, 232 (1996) (absence of actual prejudice to insurer is not conclusive, but is a factor to be considered). Those cases, however, are all notice-of-occurrence cases. When notice of the lawsuit is the

issue, the rule is that the insurer is required to show that it was prejudiced by the insured's omission or delay in order to escape liability on its policy. See Annotation, *Modern Status of Rules Requiring Liability Insurer to Show Prejudice to Escape Liability Because of Insured's Failure or Delay in Giving Notice of Accident or Claim, or in Forwarding Suit Papers*, 32 A.L.R.4th 141, 145 (1984).

■ Plaintiff contends State Farm had actual notice of the lawsuit via statements made to Woodson threatening a lawsuit. However, mere statements threatening the possibility of suit are not sufficient for "actual notice" purposes. See *Johnson v. Samuels*, 40 Ill. App. 2d 417, 419-20, 189 N.E.2d 780, 781-82 (1963). The threats plaintiff relies on were made during settlement negotiations conducted approximately one year prior to suit being filed. During the interim period, plaintiff's attorney(s) never expressly notified State Farm of the potential suit. In fact, State Farm closed plaintiff's file twice due to her attorney's failure to respond to State Farm's inquiries. Based on these facts, we are unwilling to place any burden on State Farm to determine whether suit had been filed. We need not consider what the result might have been if plaintiff's attorney had notified State Farm, shortly before it was done, that suit was about to be filed.

Hayes could have done a number of things to preserve plaintiff's right to garnish the insurance fund: (1) document a telephone call to State Farm advising it of the lawsuit; (2) send a letter to State Farm advising it of the lawsuit (see *Gregory v. Highway Insurance Co.*, 24 Ill. App. 2d 285, 297, 164 N.E.2d 297, 303 (1960)); or (3) forward a copy of the complaint and/or summons to State Farm (see *Olivieri*, 173 Ill. App. 3d at 871-72, 528 N.E.2d at 989). Whether these alternatives would have provided reasonable notice is a question of fact (see *Olivieri*, 173 Ill. App. 3d at 872, 528 N.E.2d at 989), but any one of them would have provided plaintiff with sufficient evidence to survive State Farm's motion for summary judgment. In some cases notice of suit even after a default is entered might enable the insurer to satisfactorily defend the suit, if the insurer would be able to persuade the court to vacate the default.

Although we reject plaintiff's argument that plaintiff's actions gave adequate notice of suit, State Farm's affidavit is insufficient to permit summary judgment. Beaman's affidavit indicates State Farm "was not informed by [p]laintiff, [p]laintiff's attorney, any representative of [p]laintiff or any entity that [defendant] had been served with" summons and all subsequent motions. Beaman's affidavit fails to address whether State Farm was aware of the lawsuit. Rather, the affidavit states State Farm was not informed by any entity, including plaintiff or her attorney. State Farm may have discovered the lawsuit

in any number of ways, yet not have been "informed" by any entity. Such discovery may have provided State Farm with sufficient notice to locate and defend the lawsuit. Thus, State Farm's affidavit fails to negate whether it received "actual notice." Our decision may appear technical; however, summary judgment is a drastic means of disposing of a case and the evidence is strictly construed against the movant. See *Gilbert*, 156 Ill. 2d at 518, 622 N.E.2d at 792. State Farm may provide additional evidence consistent with this opinion and resubmit the motion for summary judgment to the trial court.

Due to the insufficiency of State Farm's affidavit, we reverse and remand.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.