HOME INSURANCE COMPANY,
Plaintiff and Counterdefendant.

v.

THREE I TRUCK LINE, INC., Defendant and Counterplaintiff.

No. 98 C 7343.

United States District Court,
N.D. Illinois,
Eastern Division.

July 28, 1999.

Robert Marc Chemers and Michael A., Clarke of Pretzel & Stouffer, Chicago, IL, for Plaintiff.

John Mathias and Christopher, Dickinson of Jenner & Block, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On November 17, 1998 The Home Insurance Company ("Home") filed this action seeking a declaration that it has no duty to indemnify Three I Truck Line, Inc. ("Three I") with respect to two consolidated personal injury lawsuits filed against Three I in the Circuit Court of Cook County, Illinois. Home had not included a choice of law provision in the liability insurance policy it had issued to Three I. In response to this Court's recent directive for simultaneous filings by the litigants, each party has now submitted its memorandum as to whether Iowa or Illinois law should be applied to Home's contract claim against Three I.[1]

Although Three I also adverts to a possible choice of law question with regard to its tort counterclaims, it admits that there is no conflict between Illinois and Iowa law on those tort issues.[2] In that

---

1. This Court had originally scheduled simultaneous cross-filings by the parties, to be followed by simultaneous cross-responses. But because the initial filings really met head-on, the need for responsive filings vanished (each side had of course put its best foot forward initially, and any response attempting to distinguish the other side's cited authorities would really add nothing to this Court's independent reading and analysis of all of the cited authorities—and more).

2. What has been said in n. 1 does not literally apply here, for Home's submission has failed to address which state's tort law should be applied, apparently because of its counsel's impression that the required filings related only to the contract claim. That may be an understandable omission, for this Court set the choice of law briefing schedule orally, with the parties' concurrence, during the same June 17, 1999 status hearing at which Three I—just a moment or two later—asked for and was granted leave to file its tort counterclaims. But Home's failure to mention

regard Seventh Circuit case law teaches the "false conflict" doctrine, in which an identity of substantive law between competing jurisdictions renders it unnecessary to deal with choice of law issues at all (see, e.g., the seminal treatment of that subject in this Circuit, *In re Air Crash Disaster,* 644 F.2d 594, 605 & n. 2 (7th Cir.1981), and the pungent expression of the same notion in *Barron v. Ford Motor Co.,* 965 F.2d 195, 197 (7th Cir.1992) ("before entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states")).

■ Despite Home's and Three I's arguments to the contrary, analysis discloses that there is also no substantive difference between Iowa and Illinois law as to the contract claim.[3] Home contends that it owes no indemnity obligation to Three I under its policy because Three I failed to give timely notice of the actions asserting serious personal injury claims. Home argues that Illinois law should apply to that issue, whereas Three I urges the application of Iowa law.

Three I points to only one possible difference between Illinois and Iowa law on the contract claim issue, while Home's memorandum assumes that there are differences without elaborating on what they might be. Three I says that under Iowa law the absence of prejudice to Home from a failure to notify it of the personal injury claims disposes of any inadequate-notice defense. Under Illinois law, according to Three I, such absence of prejudice to the insurer is merely one of several factors to be considered in deciding whether an alleged breach of a notice provision will preclude recovery. Three I cites *American States Ins. Co. v. National Cycle, Inc.,* 260 Ill.App.3d 299, 311, 197 Ill.Dec. 833, 631 N.E.2d 1292, 1300–01 (1st Dist.1994) for that proposition.

But that more general characterization has been overtaken by two more recent decisions—*Rice v. AAA Aerostar, Inc.,* 294 Ill.App.3d 801, 807–08, 229 Ill.Dec. 20, 690 N.E.2d 1067, 1072 (4th Dist.1998) and *Illinois Founders Ins. Co. v. Barnett,* 304 Ill.App.3d 602, 611, 237 Ill.Dec. 605, 710 N.E.2d 28, 35 (1st Dist.1999) that, unlike such cases as *American States,* distinguish between the requirements of notice to the insurer of (1) an *occurrence* that may potentially create the need for policy coverage as against (2) a *lawsuit* that triggers such coverage. Where the latter is in issue, as is true here, those cases teach that Illinois law is in sync with Iowa law (*Illinois Founders,* 304 Ill.App.3d at 611, 237 Ill.Dec. 605, 710 N.E.2d at 35):

> When notice of the lawsuit is the issue, the rule is that the insurer is required to show that it was prejudiced by the insured's omission or delay in order to escape liability on its policy.

This Court of course recognizes that Illinois state law is whatever the Illinois state courts say it is. As *State Farm Fire & Cas. Co. v. Yapejian,* 152 Ill.2d 533, 539, 178 Ill.Dec. 745, 605 N.E.2d 539, 542 (1992) has held:

> A decision of the appellate court, though not binding on other appellate districts,

anything on the subject in its choice of law filing, which postdated the parties' stipulation to the filing of the counterclaims by nearly two weeks, strongly suggests the correctness of Three I's assertion that no conflict of tort law exists. In any event, this Court's ruling in the text will control unless Home were not only (1) to justify its filing omission but also (2) to identify any respect in which the choice of law would produce a material difference.

3. Because the parties have suggested only Iowa and Illinois law as the alternative possi-

bilities under a choice of law analysis, this Court need not determine whether another state's law might be the more appropriate choice or whether a conflict would exist between that state's law and Illinois law—even though a moment's thought does reveal other potential choices. Essentially the parties have stipulated that either Iowa or Illinois law should be looked to, and because each of those jurisdictions has a rational connection with the dispute this Court will honor that stipulation.

is binding on the circuit courts throughout the State.

Accord, *In re A.A.*, 181 Ill.2d 32, 36, 228 Ill.Dec. 905, 690 N.E.2d 980, 982 (1998). And this Court has consistently ruled that its role is identical to that of its state trial court counterparts, so that this Court too must adhere to the dictates of the Illinois Appellate Courts. Moreover, there is nothing to hint that the Illinois Supreme Court, if confronted with the issue, would not resolve it in the same way as the two Appellate Districts.

It is true that unlike the cited Illinois cases, Iowa places the burden of proving the absence of prejudice on the insured (*Fireman's Fund Ins. Co. v. ACC Chem. Co.*, 538 N.W.2d 259, 265 (Iowa 1995)). But there is no basis for believing that such a procedural difference would be outcome-determinative in this case (after all, burdens of proof are typically tiebreakers in situations where the total absence of evidence on an issue leaves it in equilibrium, and nothing from either party suggests that may be the case here). Hence a false conflict exists between the two states' laws, and this Court will apply Illinois law to all issues involved in the contract claim in this action.

### Conclusion

In light of the "false conflict" concept previously discussed, this Court will apply Illinois law to all contract law issues. And given the absence of any identified differences in tort law as between Iowa and Illinois, and given the greater abundance of Illinois decisions and the greater working familiarity of all counsel and this Court

with Illinois law, that jurisprudence will also be applied to all tort law issues.[4]

---

4. One collateral issue disclosed by the current submissions must be mentioned. Home's counsel proposed to file its Motion for Determination of Choice of Law and its supporting Memorandum of Law under seal, in claimed reliance on the Stipulated Protective Order entered March 16, 1999. But that Order is inconsistent with the later-issued directive of our Court of Appeals in *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, (7th Cir.1999), and this Court therefore vacates that Order sua sponte (without prejudice to the parties' possible submission of a proposed protective order of valid scope). Indeed, this Court's examination of Home's filing reveals a graphic demonstration of the force of the analysis in *Citizens Bank*—nothing in those submissions really calls for privacy, and they are therefore being filed as part of the public record rather than under seal.