24 May 2000

No. 2--99--0680

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

HERLINDO VEGA, ) Appeal from the Circuit Court

) of Winnebago County.

    Plaintiff and Garnishor- )

Appellee, ) No. 97--AR--697

)

v. ) 

)

JACQUELINE GORE, )

)

Defendant )

)

(Valor Insurance Company, ) Honorable 

Defendant and Garnishee- ) Timothy R. Gill,

Appellant). ) Judge, Presiding.

_________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Defendant and garnishee, Valor Insurance Company (Valor), appeals the judgment of the circuit court of Winnebago County denying its cross-motion for summary judgment and granting the motion for summary judgment of plaintiff and garnishor, Herlindo Vega.  We reverse and remand.

On June 7, 1996, plaintiff was involved in an automobile collision with defendant Jacqueline Gore (defendant), in which plaintiff sustained property damage and personal injuries.  Defendant was insured by Valor at that time.

On June 28, 1996, plaintiff notified both defendant and Valor that he was making a claim against defendant's insurance for property damage and personal injuries sustained in the collision.  Valor acknowledged its receipt of plaintiff's claim, and on July 15, 1996, Valor denied defendant's liability for the collision.  Thereafter, plaintiff submitted further information to Valor that included copies of the police report of the collision, medical records, and medical bills.  On May 23, 1997, Valor again denied defendant's liability.

On October 17, 1997, plaintiff filed a personal injury and property damage action against defendant but was unable to effect personal service on defendant after diligent efforts.  Plaintiff subsequently served defendant through the Secretary of State pursuant to section 10--301 of the Illinois Vehicle Code (625 ILCS 5/10--301 (West 1996)).

On March 3, 1998, plaintiff obtained an order of default against defendant.  The March 3 order indicated that defendant had been served through the Secretary of State and further provided that a hearing would be held on March 26, 1998, in order to prove up damages.  On March 5, 1998, plaintiff mailed, by certified mail with return receipt requested, a copy of the order to defendant at defendant's last known address.  The record indicates that defendant did not receive this letter.  On March 24, plaintiff mailed, by certified mail with return receipt requested, a copy of the March 3 order to Valor.  The return receipt indicated that Valor received the copy of the order on March 27, 1998, one day after the scheduled hearing on damages.

On March 26, 1998, plaintiff attended the prove-up hearing on damages.  The trial court entered a default judgment and awarded plaintiff damages of $20,000.  On April 15, 1998, plaintiff mailed a copy of the March 26 order to Valor by certified mail, return receipt requested.  Valor received the copy of the order on April 16, 1998.

On July 14, 1998, plaintiff filed his garnishment action against Valor, seeking to collect the proceeds of his judgment against defendant from Valor.  Valor contended that because it had not been timely notified of the existence of the personal injury suit, plaintiff could not collect the policy proceeds.

Plaintiff and Valor filed cross-motions for summary judgment.  On May 20, 1999, the trial court granted plaintiff's motion for summary judgment and denied Valor's motion.  The trial court found that Valor had "received notice of lawsuit No. 97[--]AR[--]697 in sufficient time to locate and defend it, but did not do so."  The trial court entered judgment in favor of plaintiff and against Valor in the amount of $20,000 plus costs.  Valor timely appeals.

Valor contends that the trial court erroneously granted plaintiff's motion for summary judgment and denied Valor's motion for summary judgment.  Summary judgment will be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 1996); 
Travelers Insurance Co. v. Eljer Manufacturing, Inc.
, 307 Ill. App. 3d 872, 878 (1999).  We review the trial court's decision 
de
 
novo
.  
Preferred America Insurance v. Dulceak
, 302 Ill. App. 3d 990, 993 (1999).

 At issue on appeal is the effect of the notice provision of defendant's insurance policy, which provides that Valor "will not be obligated to pay, and shall not pay under Part I, unless the company received actual notice of a lawsuit before a judgment has been entered in said suit."  Valor argues that, by allowing plaintiff to garnish the insurance fund, the trial court erred by determining that Valor had sufficient notice "to locate and defend" plaintiff's suit, even though neither party disputed the fact that Valor did not receive notice of the default judgment before it was entered.  We agree with Valor's argument.

Generally, in order to prevail in a garnishment action, a judgment creditor must present a claim that the insured himself could have maintained.  
Rice v. AAA Aerostar, Inc.
, 294 Ill. App. 3d 801, 806 (1998).  Thus, where an insured breaches the conditions of the insurance policy, the judgment creditor is generally prohibited from garnishing the proceeds of the insurance policy.  
Rice
, 294 Ill. App. 3d at 806.

There are, however, a number of public policy considerations that will prevent the insurer from avoiding payment under the policy, especially where an innocent third party has been injured by the insured.  The insurer may be liable for a judgment even where there has not been compliance with the terms of the policy provisions so long as the insurer received actual notice of the suit.  
Rice
, 294 Ill. App. 3d at 807.  "Actual notice" means that an insurer is given sufficient notice to allow it to locate and defend the suit.  
Cincinnati Cos. v. West American Insurance Co.
, 183 Ill. 2d 317, 329 (1998).  Notice is sufficient where the insurer knows both that a cause of action has been filed and that the complaint falls within or potentially falls within the scope of coverage of the insurer's policy.  
Cincinnati Cos.
, 183 Ill. 2d at 329-30.

An insurer nevertheless may be relieved of its duty to indemnify where it is able to demonstrate prejudice accruing from lack of notice of a lawsuit.  
Rice
, 294 Ill. App. 3d at 807-08.  An insurer may demonstrate prejudice where it does not receive notice of a suit until after a default judgment is entered, as the insurer is deprived of the opportunity to present evidence and engage in cross-examination of the opposing witnesses on the issues of liability and damages.  
American Country Insurance Co. v. Cash
, 171 Ill. App. 3d 9, 11 (1988); 
Reisman v. Delgado
, 117 Ill. App. 3d 331, 335-36 (1983).

In this case, plaintiff notified Valor of the occurrence in 1996.  Valor investigated and denied liability.  On October 17, 1997, plaintiff filed his personal injury action against defendant.  The record indicates that plaintiff was unable to discover defendant's whereabouts and, sometime before March 3, 1998, obtained substitute service on defendant through the Secretary of State.  On March 3, 1998, plaintiff received a default judgment against defendant and, on March 5, 1998, mailed a copy of the default judgment to defendant's last known address.  The March 3 order provided that the trial court would hear evidence of damages on March 26, 1998.  On March 24, 1998, plaintiff mailed a copy of the March 3 order to Valor; the record indicates that this is plaintiff's first attempt to provide Valor with notice of his lawsuit.  On March 26, 1998, the trial court entered default judgment against defendant in the amount of $20,000.  Valor received its first notice of the existence of plaintiff's lawsuit on March 27, 1998, when it received the copy of the March 3 order via certified mail.

Plaintiff thus falls afoul of the notice provision of the insurance contract; Valor did not receive actual notice of the lawsuit until after judgment had been entered.  Under the terms of the insurance contract, Valor is not obligated to indemnify the loss.  The question remains, however, whether plaintiff may be held responsible for the terms of defendant's contract with Valor, to which plaintiff was not privy, thus denying plaintiff recovery.

The logical and reasonable inferences drawn from the facts suggest that plaintiff's submission of the March 3 order to Valor was designed to present Valor with the 
fait
 
accompli
 of a default judgment entered against its insured by the time Valor would have received the notice in the mail.  Certainly this is what actually occurred.  We note that the record contains no indication that, at any time before March 24, 1998, plaintiff attempted to notify Valor of the pendency of his suit.  We also note that, sometime before March 3, 1998, plaintiff definitively knew that defendant was nowhere to be found and would not be in a position to fulfill her contractual duties and notify Valor of the existence of plaintiff's suit.  Further, plaintiff knew that Valor was defendant's insurer, having provided Valor with notice of the occurrence of the claim in 1996.  Moreover, plaintiff was the only party in this action with the knowledge of where and when he would file his lawsuit.  (We emphasize that, although plaintiff afforded Valor notice of the occurrence, this is separate and distinct from notice of the lawsuit.)  Thus, reconciling the fact that plaintiff mailed a notice to defendant on March 5 (which plaintiff certainly knew that defendant would never receive) with the fact that plaintiff mailed a notice to Valor on March 24, two days before the damages hearing, leads to the conclusion that plaintiff deliberately and knowingly failed to reasonably notify Valor so that it could locate and defend the suit in time to meaningfully participate in any hearing on the merits.

The undisputed facts in this case show that Valor did not receive timely notice of the lawsuit.  Further, plaintiff was the only party in a position to give Valor that notice and could have done so at any time between October 17, 1997, and March 24, 1998, but did not do so.  Because defendant was nowhere to be found, a fact which plaintiff knew, it is unreasonable to put the burden of discovering the existence of the lawsuit on Valor.

Further, we conclude that Valor demonstrated prejudice as a result of the entry of judgment prior to receiving notice.  We note that, at best, Valor had the bare knowledge of the existence of the lawsuit--the names of the parties, the court in which the action was filed, and the action's docket number--but had no knowledge of plaintiff's actual legal and factual claims because plaintiff did not tender a copy of his complaint to Valor at any time prior to filing the garnishment action.  Accordingly, based on the specific facts of this case, we hold that the trial court erred as a matter of law in determining that Valor had actual notice sufficient to allow it to locate and defend against plaintiff's suit.

Plaintiff argues that 
"[i]n some cases notice of suit even after a default is entered might enable the insurer to satisfactorily defend the suit, if the insurer would be able to persuade the court to vacate the default."  
Rice
, 294 Ill. App. 3d at 808.  Plaintiff argues that Valor could have attempted to vacate the default judgment pursuant to section 2--1301(e) of the Code of Civil Procedure (735 ILCS 5/2--1301(e) (West 1998)).  We disagree.  Neither plaintiff nor our own research has uncovered a case requiring an insurer to attempt to open up a judgment after its entry in order to enforce the plain and unambiguous provisions of its insurance contract.  We decline plaintiff's invitation to impose such a requirement where, as in this case, the plaintiff is the only entity in a position to ensure that proper notice is given.

The cases on which plaintiff relies are distinguishable.  In 
Rice
, the plaintiff had made statements to the insurer threatening to file a lawsuit.  
Rice
, 294 Ill. App. 3d at 808.  The court held that this was insufficient to afford the insurer actual notice of the suit.  Moreover, the court refused to impose the burden of discovering whether a lawsuit had been filed on the insurer even where the insurer had actual notice of the occurrence.  
Rice
, 294 Ill. App. 3d at 808.

Further, plaintiff's reliance on the court's 
dictum
 in 
Rice
 is misplaced.  Although the court was able to envision "some cases" in which the insurer may be able to receive actual notice after default judgment had been entered, this statement does not constitute a holding in the case.  
Rice
, 294 Ill. App. 3d at 808.  In any event, the case at bar does not fall into the realm envisioned by the 
Rice
 court because, due to defendant's absence, only plaintiff was in a position to tender notice to Valor.

Plaintiff also relies on 
Illinois Founders Insurance Co. v. Barnett
, 304 Ill. App. 3d 602 (1999).  This case reviews, among other things, whether the facts adduced at trial established that the insurer received actual notice of the lawsuit.  
Barnett
, 304 Ill. App. 3d at 608.  The different standard of review renders this case inapposite to the case at bar.  Further, the issue in 
Barnett
 was the factual determination of whether the insured's timely notification of the insurer's longtime broker and investigator constituted actual notice (
Barnett
, 304 Ill. App. 3d at 608) and not the legal effect of the entry of a default judgment on the insurer's policy defenses.  Last, in 
Barnett
, the insured in fact gave the insurer timely actual notice of the suit by tendering copies of the complaint to the insurer's agents, unlike the case at bar, where only notice of a default judgment was tendered to Valor after the default judgment had already been entered.

Based on our resolution of the issue of notice, we need not consider Valor's other contentions.  The judgment of the circuit court of Winnebago County is reversed, and this cause is remanded with directions that judgment be entered in favor of Valor and against plaintiff.

Reversed and remanded with directions.

THOMAS and HUTCHINSON, JJ., concur.