SECOND DIVISION

November 30, 2004

Nos. 1-03-2832 and 1-03-2912, Consolidated

COUNTRY MUTUAL INSURANCE COMPANY, ) Appeal from the 

) Circuit Court of

Plaintiff-Appellee ) Cook County.

) 

v. )

)

LIVORSI MARINE, INC. and GAFFRIG ) 

PERFORMANCE INDUSTRIES, ) Honorable 

) Stephen A. Schiller,

Defendants-Appellants. ) Judge Presiding.               

JUSTICE WOLFSON delivered the opinion of the court:

This insurance coverage case raises a question that has not been squarely answered in this State: When an insured is required by its contract with its insurer to give timely notice of a lawsuit against it, but does not do so and has no excuse for not doing it, does the insurer have to prove prejudice before it can avoid coverage?  We conclude this insurer did not have to prove it was prejudiced by an unreasonably late notice of a lawsuit.  We affirm the trial court’s judgment for the insurer.

FACTS

Country Mutual Insurance Company (Country Mutual) brought this declaratory judgment action to establish whether the insurance policies it had with Livorsi Marine, Incorporated (Livorsi) and Gaffrig Performance Industries (Gaffrig) required Country Mutual to indemnify and defend them in an underlying trademark dispute.

Both Gaffrig and Livorsi purchased general liability policies from Country Mutual.  The policies stated:

"[Country Mutual] will pay those sums that the insured becomes legally obligated to pay as damages because of *** "advertising injury" to which this coverage part applies.  [Country Mutual] will have the right and duty to defend any "suit" seeking those damages.  [Country Mutual] may at [its] discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result."

The policies' definition of "advertising injury" included injury arising from the "infringement of copyright, title, or slogan."  The policies also listed conditions for the coverage, including a duty to notify Country Mutual "as soon as practicable" in the event of an occurrence, offense, claim or suit and to "immediately send” the insurer copies of any demands, notices, summonses, or legal papers in connection with a claim or suit.

On December 1, 1999, Livorsi filed a complaint against Gaffrig for trademark infringement, dilution, and consumer fraud.  That same day, Gaffrig filed its countercomplaint against Livorsi alleging trademark infringement and unfair competition.  Trial commenced in March 2002.
(footnote: 1)  

On November 20, 2001, Country Mutual filed its complaint for declaratory judgment, alleging its policies with Livorsi and Gaffrig did not provide coverage for the trademark lawsuits for two reasons: (1) the lawsuits did not fall under the definition of "advertising injury"; and (2) both Livorsi and Gaffrig failed to provide timely notice of the lawsuits, thereby breaching a condition of the policies' coverage.  The parties stipulated that County Mutual did not receive actual notice of the trademark lawsuits until August 2001, 21 months after the lawsuits were filed.

The trial court entered a declaratory judgment in favor of Country Mutual based on the failure of Livorsi and Gaffrig to provide timely notice of the trademark lawsuits.  Whether the claims fell within the coverage of the policies is not an issue in this appeal by Livorsi and Gaffrig.

DECISION

The issues are framed by the parties’ briefs and we will hold the parties to them despite efforts to slip away during oral argument.  That means the appellants agree the notice of lawsuit given Country Mutual was unreasonably and inexcusably late.  It also means Country Mutual was caught in a conflict of interest because it insured both appellants, leaving it in a position where it could not prove it was prejudiced by the late notice.  Where a conflict exists, the insurer must decline to participate in the defense and must pay the costs of independent counsel for the insured.
(footnote: 2)  
Murphy v. Urso
, 88 Ill. 2d 444, 451-52, 430 N.E.2d 1079 (1981).  

That leaves us with a single issue, one of law: Given the circumstances presented to us, did Country Mutual have to prove prejudice?  Because it is a legal issue, we will approach it on a 
de
 
novo
 basis.  
People v. Johnson
, 206 Ill. 2d 348, 359, 794 N.E.2d 294 (2002).  

This is a contract case.  The insurance contract controls the insured’s duties.  
Northern Insurance Co. of New York v. City of Chicago
, 325 Ill. App. 3d 1086, 1091, 759 N.E.2d 144 (2001).  When the contract includes a provision requiring the insured to notify the insurer of a suit against it, the notice provision is a "condition precedent to the triggering of the insurer’s contractual duties.”  
Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc.
, 313 Ill. App. 3d 457, 464, 729 N.E.2d 915 (2000).

When the insured fails to comply with the notice provision, the insurer may be relieved of its duty to defend the insured under the policy.  
Northern Insurance Co. of New York
, 325 Ill. App. 3d at 1091.  In short, "notice provisions are valid prerequisites to coverage and not mere technical requirements which the insured is free to overlook or ignore with impunity.”  
Kerr v. Illinois Central Railroad Co.
, 283 Ill. App. 3d 574, 582, 670 N.E.2d 759 (1996).

Given the myriad of decisions that extol the binding nature of notice provisions in insurance contracts, what is the basis, then, for an argument that the insurer must prove prejudice--unreasonable delay in notice or not?  The decisions in this area are plentiful, but categorization is elusive.  There is too much spillage.

When an insurance policy requires the insured to notify the insurer of an occurrence or lawsuit "as soon as practicable,” as did the policy in this case, the test is whether notice was given within a reasonable time.  
Northern Insurance Co. of New York
, 325 Ill. App. 3d at 1091.  We need not stop in this case to determine whether the delays in the insureds’ notices were reasonable.  They agree they were not.  This case turns on whether the insurance company’s failure to prove the unreasonably late notice caused it prejudice bars a denial of coverage.  

It is fairly clear that prejudice to the insurer is a factor to consider with other factors when the issue is whether notice of an occurrence was reasonable.  
Zurich Insurance Co. v. Walsh Construction Co. of Illinois, Inc.
, No. 1-03-2617, at 5 (Ill. App. Ct. 2004); 
Household International, Inc. v. Liberty Mutual Insurance Co.
, 321 Ill. App. 3d 859, 869, 749 N.E.2d 1 (2001); 
American Country Insurance Co. v. Bruhn
, 289 Ill. App. 3d 241, 247, 682 N.E.2d 366 (1997); 
American States Insurance Co. v. National Cycle, Inc.
, 260 Ill. App. 3d 299, 311, 631 N.E.2d 1292 (1994).

The reasonable notice of occurrence provision provides the insurance company an opportunity to investigate the accident and protect itself against unjustified claims.  
American Country Insurance Co. v. Efficient Construction Corp.
, 225 Ill. App. 3d 177, 181, 587 N.E.2d 1073 (1992).  Reasonable notice gives the insurer an opportunity to gather and preserve possible evidence.  
Bruhn
, 289 Ill. App. 3d at 247.

Saying that prejudice is a factor to consider in occurrence notice cases is not the same as saying the insurer cannot deny coverage unless it proves prejudice.  Some courts hold the insurance company does not have to prove it was prejudiced by the lack of reasonable occurrence notice before it can validly deny coverage.  
Bruhn
, 289 Ill. App. 3d at 247; 
General Casualty Co. of Illinois v. Juhl
, 283 Ill. App. 3d 376, 382, 669 N.E.2d 1211 (1996); 
American States Insurance Co.
, 260 Ill. App. 3d at 311.

Other courts have held lack of prejudice to the insurer is a factor to be considered only where the insured has a good excuse for the late notice or where the delay was relatively brief.  
Montgomery Ward & Co., Inc. v. Home Insurance Co.
, 324 Ill. App. 3d 441, 449, 753 N.E.2d 999 (2001); 
Fletcher v. Palos Community Consolidated School District No. 118
, 164 Ill. App. 3d 921, 928, 518 N.E.2d 363 (1987).  

But this is not a notice of occurrence case.  It is a notice of lawsuit case.  "A notice of suit requirement in a policy serves the purpose of enabling the insurer to conduct a timely and thorough investigation of the insured’s claim ***, as well as to locate and participate in the defense of the insured.”  
Northbrook
, 313 Ill. App. 3d at 465.  Unreasonably late notice denies the insurer an opportunity to assess the loss and thereby protect its interests.  
Kerr
, 283 Ill. App. 3d at 585.  

Here, the appellants say the insurer’s inability to prove prejudice, due to its conflict of interest, prohibits a denial of coverage.  The insurer, in turn, contends that under the circumstances of this case a lack of prejudice is irrelevant.

Some Illinois decisions do 
say
 prejudice is required in all cases where the insurer claims late notice of a lawsuit.  The first case to say it is 
Rice v. AAA Aerostar, Inc.
, 294 Ill. App. 3d 801, 690 N.E.2d 1067 (1998).  

Rice
 is the standard-bearer for the must-prove-prejudice contenders.  It also is the first Illinois decision to hold a different rule applies to notice of lawsuit cases.

In 
Rice
, the defendant’s insurer, State Farm, was notified that the plaintiff slipped and fell in a parking lot owned by defendant, but never received written notice of a personal injury lawsuit filed by plaintiff.  
Rice
, 294 Ill. App. 3d at 803-04.  A default judgment was entered against defendant, and plaintiff sought to garnish defendant’s insurance fund.  The trial court granted State Farm’s motion for summary judgment.  

On appeal, the court said State Farm may be liable for the judgment against defendant, despite the written notice requirement in the policy, if it had "actual notice” of the lawsuit.  
Rice
, 294 Ill. App. 3d at 807.  The court distinguished between notice of the occurrence and notice of the lawsuit, 
Rice
, 294 Ill. App. 3d at 807, a distinction grounded more in 
ipse
 
dixit
 than in 
stare
 
decisis
.

The court then said, "[w]hen notice of the lawsuit is the issue, the rule is that the insurer is required to show that it was prejudiced by the insured’s omission or delay in order to escape liability on its policy.”  
Rice
, 294 Ill. App. 3d at 807-08, citing Annotation, 
Modern Status of Rules Requiring Liability Insurer to Show Prejudice to Escape Liability Because of Insured’s Failure or Delay in Giving Notice of Accident or Claim, or in Forwarding Suit Papers
, 32 A.L.R. 4th 141, 145 (1984).  No Illinois decision was cited in support of this "rule.”  No Illinois decision was cited to support the court’s discernment of a different rule for notice of lawsuit cases.  In fact, there is authority to the contrary.  See 
Northbrook
, 313 Ill. App. 3d at 465 ("A review of these cases reveals that, regardless of the type of notice involved, the courts generally apply the same legal principles in their analyses.”)  But see 
Montgomery Ward
, 324 Ill. App. 3d at 449 (distinguishing between notice of lawsuit and notice of occurrence cases).  

The 
Rice
 court did not decide whether State Farm was prejudiced by the lack of notice.  In fact, prejudice played no role in the court’s decision.  The court held State Farm was not entitled to summary judgment because its affidavit failed to address whether it was aware of the lawsuit through other means,  even though it did not receive formal notice from the plaintiff.  The court reversed and remanded the case for State Farm to provide additional evidence of lack of actual notice.   
Rice
, 294 Ill. App. 3d at 808-09. 

The A.L.R. 4th annotation does not distinguish between notice of occurrence and notice of lawsuit cases.  Instead, it speaks of a "traditional proposition” that states a liability insurer "need not show that it was prejudiced by an insured’s unreasonable and unexcused omission or delay in giving notice of an accident or in forwarding suit papers ***” 32 A.L.R. 4th at 146.  The 1984 annotation then refers to a "modern trend” that holds a liability insurer is required to show it was prejudiced by the insured’s omission or delay "in giving notice of an accident or forwarding suit papers ***” 32 A.L.R. 4th at 157.

We find no such "modern trend” in Illinois decisions.  
Rice
 was an actual notice case.  No Illinois decision before or since 
Rice
 has barred an insurer which cannot prove prejudice from denying coverage to an insured who gave an unreasonably late notice of a lawsuit.  

Close inspection reveals the cases often cited as furthering the 
Rice
 line of must-prove-prejudice in notice of lawsuit decisions do not actually rely on the 
Rice
 dictum for their holdings.  Most recently, 
Zurich Insurance Co.
, No. 1-03-2617, at 5, embraced 
Rice
’s occurrence/lawsuit notice distinction and the "modern rule” that the insurer must show it was prejudiced by the omission or delay in a lawsuit notice in order to escape liability on its policy.  But the holding in the case was that the insured gave timely notice to the insurer, which had actual notice of the lawsuit anyway.

In 
Household International, Inc.
, the outcome was decided under New York law, which provides prejudice to the insurer is a factor to be considered when deciding whether notice of a lawsuit was timely given.  
Household International, Inc.
, 321 Ill. App. 3d at 870-71.

The court discussed 
Rice
’s requirement of proof of prejudice in 
Illinois Founders Insurance Co. v. Barnett
, 304 Ill. App. 3d 602, 611-12, 710 N.E.2d 28 (1999), found the insurer proved no prejudice, then held:

"Based on the totality of circumstances in this case, we conclude that the circuit court’s decision that plaintiff [insurer] received actual notice of Barnett’s lawsuit was not against the manifest weight of the evidence.”  
Illinois Founders
, 304 Ill. App. 3d at 612.

We do not see why the 
Illinois Founders
 and 
Rice
 courts would discuss and rely on the existence of actual notice for their decisions if failure to prove prejudice were fatal to the insurers’ denial of coverage.  Nor do we see a principled basis for distinguishing between notice of occurrence and notice of lawsuit.  That is, if the insurance company suffers no prejudice due to an unreasonable notice, why does it matter whether the late notice related to an occurrence or a lawsuit?  We have found no decision that offers a satisfactory reason for the distinction.

Two other cases said to be in the 
Rice
 camp should be mentioned.  In 
Cincinnati Insurance Co. v. Baur’s Opera House, Inc.
, 296 Ill. App. 3d 1011, 694 N.E.2d 593 (1998), the court first found the insurer had received adequate notice of a lawsuit, then went on to determine whether the insurer suffered prejudice--which it did, sending the case back to the trial court for consideration of the insurer’s summary judgment motion.  
Vega v. Gore
, 313 Ill. App. 3d 632, 730 N.E.2d 587 (2000), held the trial court erred as a matter of law in determining that the insurer had received actual notice sufficient to locate and defend against the lawsuit.  Prejudice to the insurer was a factor that led to that conclusion.

Arrayed against the 
Rice
 dictum cases is a line of Illinois late notice of lawsuit decisions that treat prejudice to the insurer as a factor to be considered when assessing the reasonableness of the notice.  These cases reject the notion that an insurer must prove unreasonably late notice of a lawsuit caused it prejudice before it can deny coverage.  These include: 
Northbrook
, 313 Ill. App. 3d at 469 (Unjustified excuse for 17-month delay, coupled with prejudice to insurer, is unreasonably late notice); 
Continental Casualty Co. v. Cuda
, 306 Ill. App. 3d 340, 350, 715 N.E.2d 663 (1999) (Prejudice to insurer is irrelevant where insured failed to give notice of claim during the policy period); 
Kerr
, 283 Ill. App. 3d at 585 (Where insured failed to comply with notice provision the insurer will not be liable, even if there is no showing of prejudice); 
Twin City Fire Insurance Co. v. Old World Trading Co.
, 266 Ill. App. 3d 1, 8-9, 639 N.E.2d 584 (1993) (Insurer does not have to prove unreasonably late notice caused it prejudice to be relieved of its duty to pay, but prejudice is a factor to consider where the insured did not present a good excuse for the late notice); 
Illinois Insurance Guaranty Fund v. Lockhart
, 152 Ill. App. 3d 603, 608-09, 504 N.E.2d 857 (1987) (Two year delay in giving notice was unreasonable; insurer did not have to prove it was prejudiced by the delay); 
Sisters of Divine Providence v. Interstate Fire & Casualty Co.
, 117 Ill. App. 3d 158, 161-62, 453 N.E.2d 36 (1983) (Notice given three years after suit filed and one month before trial was unreasonable; insurer does not have to establish prejudice in order to be relieved of liability under the policy).  

We reach these conclusions derived from the melange of Illinois decisions:

(1) An insurer’s failure to prove prejudice is a factor to consider when determining whether the insured’s notice was unreasonably and inexcusably late, whether the notice has to do with an occurrence or a lawsuit;

(2) Once it is determined the insured’s notice was unreasonably and inexcusably late, the failure of the insurer to prove it suffered prejudice is irrelevant, whether the notice has to do with an occurrence or a lawsuit.

In this case, we are presented with unusual circumstances where the insureds do not dispute their notices were unreasonably late and the insurer does not claim it has proved prejudice.  The insureds have not pointed to any authoritative public policy statement that would justify judicial addition to the terms of the contract.

We find the insurer did not have to prove prejudice in order to deny coverage.  By so finding, we enforce the contract freely entered into by the parties.  The notice provision is clear and unambiguous and should be applied as written, 
United States Fire Insurance Co. v. Schnackenberg
, 88 Ill. 2d 1, 4, 429 N.E.2d 1203 (1981), without distorting the meaning of words or searching for ambiguities where none exists.  
Western Casualty & Surety Co. v. Brochu
, 105 Ill. 2d 486, 495, 475 N.E.2d 872 (1985).

We affirm the trial court.

CONCLUSION

For the reasons stated, we affirm the trial court’s finding that Country Mutual is entitled to a declaratory judgment that it is not required to extend coverage to Livorsi and Gaffrig.

Affirmed. 

BURKE, P.J., and HALL, concur.

FOOTNOTES
1:
On December 19, 2003, the United States District Court for the Northern District of Illinois entered a judgment in favor of Gaffrig and against Livorsi, granting an injunction but no money damages.  
Gaffrig Performance Industries, Inc. v. Livorsi Marine, Inc.
, Nos. 99 C 7778; 99 C 7822 (N. Dist. Ill. 2003).  The indemnification issue is thus rendered moot, and the parties seek only the costs of defending the lawsuits. 
 

2:
We do not and need not decide whether an insurer caught in a conflict of interest like the one in this case ever can show prejudice.  A conflicted insurer is entitled to have an attorney of its own choosing participate in all phases of the litigation, subject to the control of the case by the insured’s attorney.  
Maryland Casualty Co. v. Peppers
, 64 Ill. 2d 187, 199, 355 N.E.2d 24 (1976).