**Mark McCRAW, Plaintiff,**

v.

**Linda S. MENSCH, Linda Mensch, P.C. and Illinois State Bar Association Mutual Insurance Company, Defendants.**

**Illinois State Bar Association Mutual Insurance Company, Cross–Plaintiff,**

v.

**Mark McCraw, Linda S. Mensch, Linda Mensch, P.C., Kurt Neumann, Samuesl Llanas and Keshaw, Inc., Cross–Defendants.**

No. 06–C–86–S.

United States District Court, W.D. Wisconsin.

Nov. 9, 2006.

Daniel F. Konicek, Konicek & Dillion, PC, Geneva, IL, Robert Marc Chemers, Pretzel & Stouffer, Chicago, IL, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Mark McCraw commenced this legal malpractice against his former attorney, Linda S. Mensch, her corporation Linda S. Mensch P.C. (collectively "Mensch") and her insurer Illinois State Bar Association Mutual Insurance Company ("Insurer"). On September 13, 2006 the Court granted leave to defendant Insurer to file an amended answer and counter complaint for a declaration of its insurance coverage obligations. The matter is presently before the Court on defendant Insurer's motion for summary judgment declaring that it has no obligation to provide a defense or coverage to defendant Mensch in this action or in the separate state court action commenced by cross-defendants Kurt Neumann, Samuel Llanas and Keshaw, Inc. (collectively "BoDeans") or, alternatively that its coverage obligations are limited. The matter is also before the Court on Mensch's cross motion for a determination that her notice to Insurer was timely and that the two suits constitute distinct claims. The following facts are undisputed for purposes of the present motions.

## FACTS

Cross-defendants Kurt Neumann and Samual Llanas are founding members of

the musical group, The BoDeans. In 1985 they formed Cross–Defendant Keshaw Inc. to facilitate The BoDeans' business operations. Plaintiff McCraw was the BoDean's manager. McCraw, Neumann and Llanas were also partners in the Lla–Mann Music Partnership ("Lla–Mann"). McCraw and the Bodeans were Wisconsin residents during the time relevant to this action. Defendant Linda Mensch is an Illinois Attorney. Mensch represented the BoDeans between 1985 and 1997. Among the tasks Mensch undertook during her representation of the Bodeans was the formation of Keshaw, Inc. and Lla–Mann and the negotiation of a 1996 employment agreement between McCraw and the BoDeans.

The relationship between McCraw and the BoDeans failed and the dispute between them culminated in a law suit in Milwaukee County, Wisconsin, Circuit Court. ("underlying action") Defendant Mensch was deposed on June 30 and July 12, 2004 by attorneys for Plaintiff and the BoDeans in connection with the underlying action. Mensch received a letter dated December 3, 2004 from counsel for the BoDeans in which he stated that the Bo-Deans intended to assert malpractice claims against her. The letter also stated: "based on your own testimony, I sincerely doubt that you are surprised to receive this letter." Mensch forwarded the letter to the Insurer who received it on December 9, 2004.

The governing insurance policies cover claims made and reported during the policy term (or within 60 days after the expiration date). The policies require that claims be reported "as soon as practicable."

Claim means:

1. a demand received by **YOU** for money or services, or the service of a suit or the initiation of an arbitration proceeding against **YOU** that seeks **DAMAGES** arising out of **YOUR WRONGFUL ACT;**

2. an incident or circumstance of which **YOU** have knowledge that may result in a demand against **YOU** that seeks **DAMAGES** arising out of **YOUR WRONGFUL ACT.**

The policies exclude claims which were required to be listed in an application but were not so listed. On October 14, 2004 Mensch filed a renewal application wherein she answered "no" to the following question: "During the past 12 months, has any current member of Applicant become aware of any circumstance or incident that could result in a claim or suit which has not been previously reported to ISBA Mutual?"

The policies also include the following limitation:

Two or more **CLAIMS** arising out of a single act, error or omission or a series of related acts, errors or omissions will be treated as a single **CLAIM** .... all such **CLAIMS** will be subject to the Limit of Liability....

In this action McCraw alleges that Mensch was negligent in failing to advise of the need for a written partnership agreement to effectively transfer copyrights and for misrepresenting the effect of the employment agreement between McCraw and the BoDeans. McCraw concedes that Mensch did not represent him in the negotiation of the employment agreement but claims he had an ongoing attorney client relationship with her as a result of his membership in Lla–Mann and that Mensch failed to properly explain the risks of this joint representation.

In a separate action in Wisconsin Circuit Court the BoDeans allege, among other things, that Mensch was negligent in failing to include additional language in the employment agreement, failing to advise

against entering a partnership agreement with McCraw and creating a Wisconsin corporation and partnership without a Wisconsin license to practice law.

## MEMORANDUM

Insurer's motion for summary judgment includes two alternative arguments. First, that Mensch's notice of claim was late, negating any coverage obligation under the terms of its 2004 policy and that Mensch's failure to list the claim in her renewal application precludes coverage under the 2005 policy issued as a result. Second, Insurer argues that even if the notice was timely, the two lawsuits should be treated as a single claim with a single claim limit of liability. McCraw, Mensch and the BoDeans all oppose the motion, contending that notice was timely and that the two lawsuits include separate and distinct claims. Additionally, Mensch asserts that nothing in the depositions provided knowledge of a claim and that there is insufficient evidence as a matter of law to establish such knowledge.[1]

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the Court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgment. A factual issue is genuine only if the evidence is such that a reasonable factfinder, applying the appropriate evidentiary standard of proof, could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

### Adequacy of Notice

All parties agree that Illinois law governs whether Insurer is relieved from its coverage obligation as a result of inadequate notice. There is no dispute that Mensch properly notified Insurer of the claim made against her in the December 3, 2004 letter from the BoDeans' counsel. Insurer argues, however, that Mensch first received knowledge of likely claims against her by McCraw and the BoDeans at her depositions in June and July, 2004, and that this amounted to a "claim" as defined in the policy. Insurer then contends that her notice to it of the claim in December, 2004 was not "as soon as practicable," thereby precluding coverage under the the 2004 policy. Insurer further contends that Mensch's failure to list the claim in the October 4, 2004 renewal application was a misrepresentation barring coverage under the 2005 policy issued on that application.

Insurer is entitled to prevail on its motion for a determination of no coverage if, as a matter of law, it has demonstrated that a "claim" existed at the time of

---

1. Insurer urges the Court to disregard Mensch's cross motion for summary judgment as untimely. However, since the Court could grant summary judgment in Mensch's favor even in the absence of a formal motion if it concludes that there is no factual dispute, there is no reason to address this contention. Where, as here, all parties are fully aware of the issues and have been afforded the opportunity to present evidence in support of their positions on the legal issue, summary judgment may be granted for either the moving or non-moving party as appropriate. *Lett v. Magnant,* 965 F.2d 251, 261 (7th Cir.1992); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kanne, *Federal Practice and Procedure* § 2720, at 347, n. 24 and accompanying text (1998).

Mensch's depositions thereby triggering her obligation to provide notice and to list the claim in the 2004 application, and that notice in December was not "as soon as practicable." Mensch is entitled to prevail on her cross motion if she can demonstrate that either element is absent as a matter of law. The Court now concludes that as a matter of law a claim did not exist in July, 2004 and that, if such a claim did exist, notification by December was "as soon as practicable" as that term is defined by Illinois law.

■ Notice provisions are valid and act as a condition precedent to the insurer's duty to defend and provide coverage. *Country Mutual Ins. Co. v. Livorsi Marine, Inc.*, 358 Ill.App.3d 880, 883–84, 295 Ill.Dec. 665, 833 N.E.2d 871, 873 (2004). Under Illinois law, the duty to notify arises when it would appear to a reasonably prudent person that a claim may be brought against the insured. *Commercial Underwriters Ins. Co. v. Aires Environmental Services, Ltd.*, 259 F.3d 792, 796 (7th Cir. 2001). The question whether an insured had sufficient knowledge to trigger an obligation to provide notice is susceptible to resolution on summary judgment when the facts concerning the insured's knowledge are not in dispute. *Id.*

■ Considering all the facts and circumstances, the June and July, 2004 depositions were not sufficient to trigger a notice obligation. Mensch learned nothing at the depositions concerning her representation of the BoDeans that she did not know ten years earlier. Her depositions in connection with the underlying action would have been expected given her factual knowledge of the parties' relationship and would not have suggested a likelihood of personal liability to Mensch. Furthermore, the passage of nearly ten years since the negotiation of the employment agreement and nearly twenty years since

the partnership formation would have made it seem even less likely that she would be the object of a malpractice action.

In support of its motion for summary judgment Insurer offered no evidence other than the fact of the depositions which would suggest knowledge. However, in response to Mensch's cross motion it offers reference to two brief exchanges during the deposition which it contends demonstrate that "Mensch was not completely unaware that claims might pend against her." These exchanges consist of several questions concerning her relationship with McCraw during the negotiation of the employment agreement and several concerning whether she held a Wisconsin law license. Under the circumstances, these brief exchanges would not have made it appear to a reasonable person that a claim may be commenced.

■ Even assuming the limited questioning at her deposition constituted notice to her of a possible claim, her notification of Insurer less than five months after the second deposition was not in violation of the "as soon as practicable requirement" policy. A provision requiring notice as soon as practicable requires notification within a reasonable time. *Sears, Roebuck and Co. v. Seneca Ins. Co.*, 254 Ill.App.3d 686, 692, 194 Ill.Dec. 57, 627 N.E.2d 173, 177 (1993). If there is no dispute concerning the relevant facts and circumstances, the issue whether notice was within a reasonable time is a legal question. *Sonoco Buildings, Inc., Div. of Sonoco Products Co. v. American Home Assurance Co.*, 877 F.2d 1350, 1357 (7th Cir.1989). The purpose of the provision is to insure that the insurer is not prejudiced in its ability to investigate and defend the claims. *Commercial Underwriters*, 259 F.3d at 796. Lack of prejudice to the insurer is a relevant factor in considering whether notice

was timely, however it is not a prerequisite to denial of coverage.

In this case the delay in reporting was relatively short, particularly in light of the tenuous nature of any claim and the period of time that had passed since the events which might be the basis for a claim. Furthermore, there is no suggestion that Insurer was somehow impeded in its ability to investigate the claim by the delay from July to December. It appears that all witnesses who have relevant knowledge of facts are present in this suit and there is no likelihood that ten years after the relevant incidents their memories faded significantly during the added five months. Insurer cites no Illinois law suggesting that a five month delay is unreasonable. The policy itself provides for a sixty day reporting period after the end of the policy term of claims made during the policy term, implying that a delay in excess of sixty days between knowledge of a claim and its reporting is anticipated.

Accordingly, the Court concludes that the Mensch defendants are entitled to a determination on summary judgment that coverage cannot be denied on the basis that notice of a claim was not provided as soon as practicable or that a preexisting claim was not properly included in the October 2004 application.

*Claim Limit*

The second issue is whether the two pending lawsuits should be treated as a single claim for the purpose of computing policy limits. The parties disagree whether Illinois or Wisconsin law should apply to this issue. Accordingly, analysis must begin with resolution of the choice of law.

Wisconsin's choice of law principles apply. *Sybron Transition Corp. v. Security Ins. Co. of Hartford,* 107 F.3d 1250, 1255. Wisconsin choice of law jurisprudence is, even by admission of the Wisconsin Supreme Court, an irreconcilable and confus-ing collection of decisions. *Drinkwater v. American Family Mut. Ins. Co.,* 2006 WI 56, ¶ 32–34, 290 Wis.2d 642, 714 N.W.2d 568. Wisconsin law applies different analyses depending on whether the issue presented is a question of contract law or tort law.

When the issue is one of contract law, Wisconsin applies the law of the state with which the contract has its most significant relationship. *State Farm Mut. Auto. Ins. Co. v. Gillette,* 2002 WI 31, ¶ 26, 251 Wis.2d 561, 641 N.W.2d 662. A question of the interpretation of an insurance policy is governed by this approach. *Id.* at ¶ 27. This "grouping-of-contacts" approach requires consideration of the following relevant contacts: (1) place of contracting; (2) place of performance; (3) place of negotiation; (4) location of the subject matter of the contract; (5) residences or places of business of the parties. *Sybron,* 107 F.3d at 1255. To the extent that the question whether there is a single claim within the meaning of the insurance contract is a policy interpretation issue, there is no question that Illinois law would apply. An Illinois insurer is insuring an Illinois attorney, licensed to practice law in Illinois, and the contract was negotiated and executed in Illinois.

The issue presented by the motion is whether the separate actions filed by McCraw and the BoDeans against Mensch "aris[e] out of a single act, error or omission or a series of related acts, errors or omissions." Notwithstanding that this claim appears to hinge entirely on insurance contract interpretation, Insurer urges the Court to apply Wisconsin's entirely different set of factors to determine the choice of law if a tort issue is presented. *See Gillette* 2002 WI 31 at ¶ 53, 251 Wis.2d 561, 641 N.W.2d 662 (listing the five "choice influencing factors" applied in tort

actions). Wisconsin endorses the application of choice of law principles on an issue by issue basis, and personal injury cases may involve both insurance contract interpretation issues to which the "grouping-of-contacts" factors apply, and tort issues to which the five "choice-influencing-factors" apply. *see id.* (separately applying the contract choice of law factors to insurance policy interpretation and tort choice of law factors to tort damages issue). However, there is nothing to suggest that interpretation of the disputed policy language is in any way a tort claim or implicates Wisconsin tort law.

Whether the actions for which Mensch might ultimately be held liable are a "single act" or "a series of related acts" depends entirely on the meaning of those words and not on tort law. It is a purely contractual issue which has no tort implications. *cf. Drinkwater v. American Family Mut. Ins. Co.*, 2006 WI 56, 290 Wis.2d 642, 714 N.W.2d 568. (applying tort factors to subrogation issues dependent on the underlying tort law). Accordingly, there is no reasonable argument to apply Wisconsin law to the interpretation of the Illinois insurance policy at issue.

■ Illinois law holds that the "related acts" language at issue is ambiguous and must be interpreted against the insurer and in favor of coverage. *Doe v. Illinois State Medical Inter–Insurance Exchange*, 234 Ill.App.3d 129, 137, 174 Ill.Dec. 899, 599 N.E.2d 983, 988 (1992). In accordance with this approach, Illinois has held that separate acts of medical negligence in the course of treating a single patient constitute separate unrelated claims, rendering the insurer potentially liable for separate occurrence limits. *Id.*, 234 Ill.App.3d 129, 139, 599 N.E.2d 983, 990. The issue is whether the insured committed more than one discrete act of negligence which caused injury. *Id.* Whether a defendant committed specific acts of negligence is a matter for jury determination. *Id.*

Applying these standards to the claims alleged in the pending lawsuits, it is apparent the trials may result in proof of discrete acts of negligence which would support a determination that there are multiple claims. For example, McCraw alleges that Mensch was negligent in failing to provide for a written partnership agreement which reflected the transfer of copyrights to Lla–Mann in 1985 when the partnership was formed. Meanwhile, the BoDeans allege that Mensch was negligent in the negotiation of the management contract between McCraw and Keshaw, Inc. in 1996. Certainly these two actions, separated by ten years, are discrete acts of negligence which would constitute separate, unrelated claims for purposes of the "related acts" limitation in the policy if they are proved at trial.

Insurer's myopic focus on Mensch's potential conflict of interest during her representation of the parties is inconsistent with Illinois' focus on whether Mensch committed discrete acts of negligence which may have caused injury. Whether Mensch committed more than one discrete act of negligence is a matter of factual dispute which is not subject to resolution on this motion.

## ORDER

IT IS ORDERED that defendant Illinois State Bar Association Mutual Insurance Company's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that the motion of the Mensch defendants for summary judgment is granted insofar as it seeks a determination that Insurer may not deny coverage on the basis of inade-

quate notification of claims and is in all other respects DENIED.