Docket No. 99807.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

COUNTRY MUTUAL INSURANCE COMPANY, Appellee, v.
LIVORSI MARINE, INC., *et al.*, Appellants.

*Opinion filed May 18, 2006.*

JUSTICE GARMAN delivered the judgment of the court,
with opinion.

Chief Justice Thomas and Justices Freeman, McMorrow,
Fitzgerald, Kilbride, and Karmeier concurred in the judgment
and opinion.

**OPINION**

The circuit court of Cook County granted a declaratory judgment to Country Mutual Insurance Company, determining that it had no duty to defend or indemnify the defendant policyholders in this case. The appellate court affirmed this decision. 358 Ill. App. 3d 880. We granted defendants' petition for leave to appeal (177 Ill. 2d R. 315), and now affirm.

## Background

Defendants Gaffrig Performance Industries, Inc., and Livorsi Marine, Inc., each carry commercial general liability insurance policies with Country Mutual Insurance Company. In December 1999, Livorsi brought a lawsuit against Gaffrig in the United States District Court for the Northern District of Illinois. The suit alleged various trademark violations related to the use of the "Gaffrig Precision Instruments" name. In response, Gaffrig filed a lawsuit with similar allegations against Livorsi. The suits, which sought both damages and injunctive relief, were consolidated. Gaffrig Performance Industries, Inc. v. Livorsi Marine, Inc., Nos. 99 C 7778, 99 C 7822 cons. (N.D. Ill. December 22, 2003).

The language of both Gaffrig's and Livorsi's insurance policies gives Country Mutual the duty to defend and indemnify its insureds in any lawsuit seeking damages based on an advertising injury:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this coverage part applies. We will have the right and duty to defend any 'suit' seeking those damages. We may at our discretion investigate any 'occurrence' or offense and settle any claim or 'suit' that may result."

As a condition of coverage, the policies require Gaffrig and Livorsi to notify Country Mutual of any lawsuit:

> "If a claim is made or 'suit' is brought against any insured, you must:
>
> (1) Immediately record the specifics of the claim or 'suit' and the date received; and
>
> (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or 'suit' as soon as practicable."

Although Gaffrig and Livorsi filed their lawsuits on December 1, 1999, neither party informed Country Mutual of the consolidated suit until August 2001.

Country Mutual then filed a complaint for declaratory judgment in the circuit court of Cook County. The insurer sought a judgment that it had no obligation to defend or indemnify either Livorsi or Gaffrig in connection with the trademark lawsuit. Country Mutual argued that the claims raised in the lawsuit did not fit the policy's definition of "advertising injury" and that both Livorsi and Gaffrig breached the notice condition of their policies by failing to inform Country Mutual of the lawsuits for more than 20 months.

Testimony during a brief trial centered on telephone conversations between Michael Livorsi, the owner of Livorsi Marine, Inc., and Gary Miller, the Country Mutual agent for both Gaffrig and Livorsi. These conversations concerned the possibility of a lawsuit between Gaffrig and Livorsi and occurred prior to the filing of the trademark suit. As the parties stipulated, Country Mutual did not receive actual notice of the lawsuit until August 2001, more than 20 months after Gaffrig and Livorsi filed suit.

In pretrial and posttrial briefing, Gaffrig and Livorsi argued that Country Mutual was not prejudiced by the companies' delay in notifying their insurer of the lawsuit. The companies argued that because Country Mutual insured both parties, it had a conflict that would have prevented the insurer from investigating the claim or defending either party in the lawsuit over the Gaffrig Precision Instruments trademark. Gaffrig and Livorsi therefore argued that the insurer would have had to pay for independent counsel for both parties regardless of when it received notice, and so the timing of the notice did not prejudice the insurer. Thus, the delay in notice should not relieve Country Mutual of its duty to defend. The companies found support for this argument in a line of cases beginning with *Rice v. AAA Aerostar, Inc.*, 294 Ill. App. 3d 801 (1998). The opinion in *Rice* stated that, "When notice of the lawsuit is the issue, the rule is that the insurer is required to show that it

was prejudiced by the insured's omission or delay in order to escape liability on its policy." *Rice*, 294 Ill. App. 3d at 807-08.

Country Mutual argued that the proper inquiry was not whether the insurer was prejudiced, but whether the insureds had given Country Mutual reasonable notice of the lawsuit. Under other appellate cases, prejudice to the insurer is one of several factors in assessing the reasonableness of notice. See, *e.g.*, *Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc.*, 313 Ill. App. 3d 457, 466 (2000). Country Mutual argued that such a lengthy delay, without an excuse from Gaffrig and Livorsi, was unreasonable as a matter of law. Thus, this breach of the policies' notice conditions should relieve Country Mutual of its obligation to defend and indemnify the companies in their lawsuit.

The circuit court found that the claims in the federal lawsuit potentially fell within the insurance policy language covering advertising injuries, triggering Country Mutual's duty to defend. That conclusion is not at issue in this appeal. The court also determined that Gaffrig and Livorsi failed to give Country Mutual the notice to which it was entitled. It addressed Gaffrig and Livorsi's prejudice argument in the following manner:

> "In determining an insurer's liability under the circumstances presented here, there is a case to be made for considering whether late notice actually prejudiced the insurer. However, any such possible argument tends to lose its force where there is no reasonable justification or excuse offered for not having given timely notice ***. In the present case, there has been literally no evidence of any justification or excuse offered by either of the defendants for a delay of more than 21 months in the giving of notice to Country Mutual. Under the circumstances, unless the court adopts the position that an unambiguous term of a contract may not be enforced unless the aggrieved party demonstrates some direct harm, there can be only one consequence flowing from the facts of this case."

Accordingly, the circuit court entered judgment in favor of Country Mutual. Gaffrig and Livorsi appealed this decision. Prior to the appellate court's consideration of the case, the

underlying trademark suit was resolved. The federal court granted Gaffrig's request for an injunction against Livorsi's use of the disputed trademarks. Gaffrig Performance Industries, Inc. v. Livorsi Marine, Inc., Nos. 99 C 7778, 99 C 7822 cons. (N.D. Ill. December 22, 2003). The court did not award monetary damages to either party. In the absence of damages, Country Mutual's duty to indemnify is no longer an issue in this case. The appellate court therefore addressed only the insurer's duty to defend. 358 Ill. App. 3d 880.

The appellate court premised its decision on two concessions it concluded could be found in the parties' briefs. 358 Ill. App. 3d at 883. It determined that Gaffrig and Livorsi conceded that the notice they gave Country Mutual was unreasonably and inexcusably late. 358 Ill. App. 3d at 883. The court also determined that Country Mutual conceded that, because of the conflict of interest, it could not prove it was prejudiced by the late notice. 358 Ill. App. 3d at 883. Thus, it framed the issue in the following terms: "Given the circumstances presented to us, did Country Mutual have to prove prejudice?" 358 Ill. App. 3d at 883.

The court noted the distinction between notifying an insurer of an occurrence and notifying an insurer of a lawsuit. 358 Ill. App. 3d at 885. It determined that when notice of an occurrence is the issue, courts consider prejudice to the insurer as one of several factors in the evaluation of whether the insurer received reasonable notice. 358 Ill. App. 3d at 884. Additionally, some appellate decisions consider prejudice to the insurer only when the insured has a good excuse for the late notice of occurrence or where the delay in notice was relatively brief. 358 Ill. App. 3d at 885. However, when notice of suit is the issue, some appellate decisions state that prejudice is required for the insurer to deny coverage based on late notice. 358 Ill. App. 3d at 885.

The appellate court then addressed each decision embracing the latter proposition, beginning with *Rice*. 358 Ill. App. 3d 885-87. It noted that *Rice* was the first case to distinguish between notice of occurrence and notice of suit, and that this distinction did not have a basis in Illinois precedent. 358 Ill. App. 3d at 885. Further, prejudice did not

actually play a role in the *Rice* court's decision. 358 Ill. App. 3d at 886. The court then examined cases citing *Rice* and concluded that these cases also did not rely on the *Rice dictum* for their holdings. 358 Ill. App. 3d at 886-87. Citing a line of cases contrary to *Rice*, it concluded that there is no basis for distinguishing between notice of an occurrence and notice of a lawsuit. 358 Ill. App. 3d at 887-88.

The court found that Country Mutual did not have to prove prejudice in order to deny coverage. 358 Ill. App. 3d at 888. It reached the following two conclusions:

> "(1) An insurer's failure to prove prejudice is a factor to consider when determining whether the insured's notice was unreasonably and inexcusably late, whether the notice has to do with an occurrence or a lawsuit;
>
> (2) Once it is determined the insured's notice was unreasonably and inexcusably late, the failure of the insurer to prove it suffered prejudice is irrelevant, whether the notice has to do with an occurrence or a lawsuit." 358 Ill. App. 3d at 888.

Gaffrig and Livorsi petitioned this court for leave to appeal. We allowed their petition. 177 Ill. 2d R. 315. We granted leave to file briefs *amici curiae* in support of Gaffrig and Livorsi to the Illinois Manufacturers Association, United Policyholders, and several Illinois businesses. We also granted leave to the Illinois Insurance Association, Property Casualty Insurers Association of America, and National Association of Mutual Insurance Companies to file a brief *amicus curiae* in support of Country Mutual.

Standard of review

Gaffrig, Livorsi, and their *amici* urge this court to adopt the rule that an insurance company that receives delayed notice of a lawsuit must prove that it was prejudiced by the delay in order to be relieved of its duty to defend a policyholder. In essence, they ask us to establish a new rule of construction for certain insurance policy notice provisions. This argument presents a question of law that we review *de novo*. See *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d

278, 292 (2001) (construction of insurance contract is reviewed *de novo*).

## Analysis

When construing the language of an insurance policy, a court is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004). An insurance policy must be construed as a whole, giving effect to every provision. *Central Illinois Light Co.*, 213 Ill. 2d at 153. If the words used in the policy are unambiguous, they are given their plain, ordinary, and popular meaning. *Central Illinois Light Co.*, 213 Ill. 2d at 153. Although insurance policies are construed liberally in favor of coverage, this rule of construction comes into play only when the policy language is ambiguous. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005).

This court has previously addressed the proper construction of insurance policy notice provisions. These clauses impose valid prerequisites to insurance coverage. *Barrington Consolidated High School v. American Insurance Co.*, 58 Ill. 2d 278, 281 (1974); see also *International Harvester Co. v. Continental Casualty Co.*, 33 Ill. App. 2d 467, 471 (1962), citing *Imperial Fire Insurance Co. of London v. Coos County*, 151 U.S. 452, 38 L. Ed. 231, 14 S. Ct. 379 (1894). A policy condition requiring notice "[a]s soon as practicable" is interpreted to mean "within a reasonable time." *Barrington Consolidated High School*, 58 Ill. 2d at 282. Whether notice has been given within a reasonable time depends on the facts and circumstances of each case. *Barrington Consolidated High School*, 58 Ill. 2d at 282. Breaching a policy's notice clause by failing to give reasonable notice will defeat the right of the insured party to recover under the policy. *Simmon v. Iowa Mutual Casualty Co.*, 3 Ill. 2d 318, 322-23 (1954).

In *Simmon*, this court discussed the role of prejudice in the reasonableness analysis. The plaintiff in *Simmon* had been injured in an automobile accident by a policyholder of the insurance company. *Simmon*, 3 Ill. 2d at 319. She promptly

notified the policyholder's insurance company of the incident and of the lawsuit she filed. *Simmon*, 3 Ill. 2d at 319-20. Although notice was not given by the insured, the court held that it does not matter who notifies the insurer, as long as reasonable notice is given. *Simmon*, 3 Ill. 2d at 322-23. The court noted that, when examining the facts and circumstances of each case to determine if notice was reasonable, "lack of prejudice may be a factor in determining the question of whether a reasonable notice was given in a particular case yet it is not a condition which will dispense with the requirement." *Simmon*, 3 Ill. 2d at 322.

When presented with an alleged breach of an insurance policy notice clause, the vast majority of Illinois appellate decisions have utilized an analysis that is consistent with *Simmon*. That is, courts have examined the circumstances of the case, including the presence or absence of prejudice, and determined whether the insurer in question received reasonable notice. See, *e.g.*, *Northbrook*, 313 Ill. App. 3d at 466; *University of Illinois v. Continental Casualty Insurance Co.*, 234 Ill. App. 3d 340, 365-66 (1992); *Hartford Casualty Insurance Co. v. Snyders*, 153 Ill. App. 3d 1040, 1042-43 (1987); *United States Fidelity & Guaranty Co. v. Maren Engineering Corp.*, 82 Ill. App. 3d 894, 898 (1980); *McFarlane v. Merit Insurance Co.*, 58 Ill. App. 3d 616, 619 (1978). When analyzing whether notice was reasonable, some courts have stated that prejudice is not a factor unless the delay in notice is relatively brief or the insured has a good excuse (see, *e.g.*, *Twin City Fire Insurance Co. v. Old World Trading Co.*, 266 Ill. App. 3d 1, 8-9 (1993); *Fletcher v. Palos Community Consolidated School District No. 118*, 164 Ill. App. 3d 921, 928 (1987)), although this additional qualification is not found in *Simmon*. But even that permutation of the *Simmon* rule appropriately locates prejudice as one potential factor in the reasonableness analysis (see *Simmon*, 3 Ill. 2d at 322), rather than as a separate consideration to be reached only if there has not been reasonable notice. Other factors in the reasonableness analysis may include the specific language of the policy's notice provision, the insured's sophistication in commerce and insurance matters, the insured's awareness of

an event which may trigger insurance coverage, and the insured's diligence in ascertaining whether policy coverage is available. See *Northbrook*, 313 Ill. App. 3d at 466.

Illinois courts have generally applied the *Simmon* analysis regardless of the type of notice that is at issue.[1] Insurance policies are likely to contain two different notice conditions: one that requires notice of the occurrence of an incident which may fall within the policy's coverage, and one that requires notice of any lawsuit stemming from such an incident. When interpreting notice provisions, most Illinois decisions have not differentiated between the two requirements. See, *e.g.*, *American Family Mutual Insurance Co. v. Blackburn*, 208 Ill. App. 3d 281, 284, 291 (1991) (applying same standard to evaluate delayed notice of occurrence and notice of suit); *Employers Reinsurance Corp. v. E. Miller Insurance Agency, Inc.*, 332 Ill. App. 3d 326, 336-37 (2002) (examining several factors to determine whether notice of suit was given within a reasonable time); *American Home Assurance Co. v. City of Granite City*, 59 Ill. App. 3d 656, 658 (1978) (requiring notice of occurrence within reasonable time based on facts and circumstances of case). In sum, the *Simmon* rule has been widely accepted as the proper analysis for review of all notice requirements contained in insurance policies.

Certain recent appellate cases, however, refer to a different rule. This line of cases begins with *Rice v. AAA Aerostar, Inc.*, 294 Ill. App. 3d 801 (1998). In *Rice*, the plaintiff notified the defendant's insurer that she had been injured on defendant's

---

[1]We note, however, that notice requirements play a different role in claims-made policies than in occurrence-based policies such as those at issue today. See *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 173 (2004) (occurrence-based policies indemnify against claims occurring in a certain time period, regardless of when claims are made, while claims-made policies indemnify against claims made during a certain period, regardless of when underlying incidents occurred). Accordingly, each type of policy is analyzed differently by Illinois courts. See, *e.g.*, *Continental Casualty Co. v. Coregis Insurance Co.*, 316 Ill. App. 3d 1052, 1062-63 (2000) (addressing claims-made policy). Today's opinion does not address the role of notice requirements in claims-made policies.

property, but allegedly failed to notify the insurer of the lawsuit she subsequently filed. *Rice*, 294 Ill. App. 3d at 804. The court distinguished between notice of an occurrence and notice of a lawsuit, stating that when the latter is at issue, "the rule is that the insurer is required to show that it was prejudiced by the insured's omission or delay in order to escape liability on its policy." *Rice*, 294 Ill. App. 3d at 807-08, citing C. Marvel, Annotation, *Modern Status of Rules Requiring Liability Insurer to Show Prejudice to Escape Liability Because of Insured's Failure or Delay in Giving Notice of Accident or Claim, or in Forwarding Suit Papers*, 32 A.L.R.4th 141, 145 (1984). However, the appellate court did not apply this rule. Instead, it determined that the insurer failed to show it did not receive actual notice of the lawsuit, and reversed the circuit court's grant of summary judgment. *Rice*, 294 Ill. App. 3d at 808-09.

The *Rice* court did not cite any Illinois precedent in support of its statement that an insurer must show that it was prejudiced by a delay in notice of suit. It relied only on a general annotation. See *Rice*, 294 Ill. App. 3d at 807-08, citing 32 A.L.R.4th at 145. The annotation in question also does not cite any Illinois case law to support the rule embraced by *Rice*. See 32 A.L.R.4th at 157-71. In fact, the annotation cites several Illinois cases in support of the proposition that "prejudice to a liability insurer is one factor in the determination of the question of the reasonableness of the insured's omission or delay in giving the insurer notice of an accident, or in forwarding suit papers to it." 32 A.L.R.4th at 156, citing *Kenworthy v. Bituminous Casualty Corp.*, 28 Ill. App. 3d 546 (1975), *Rivota v. Kaplan*, 49 Ill. App. 3d 910 (1977), *American Home Assurance Co. v. City of Granite City*, 59 Ill. App. 3d 656 (1978), and *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.*, 70 Ill. App. 3d 296 (1979). This proposition may be recognized as the *Simmon* rule. *Simmon*, 3 Ill. 2d at 322 ("lack of prejudice may be a factor in determining the question of whether a reasonable notice was given in a particular case"). Thus, the *Rice* court's rule–that an insurer attempting to escape liability must show it was prejudiced by a policyholder's delay in giving notice of a lawsuit–was completely unsupported by Illinois precedent and actively contradicted *Simmon*.

Nevertheless, subsequent appellate decisions have cited *Rice* for its new rule, even if they have not applied it. See *Vega v. Gore*, 313 Ill. App. 3d 632, 634 (2000); *AAA Disposal Systems, Inc. v. Aetna Casualty & Surety Co.*, 355 Ill. App. 3d 275, 284 (2005); *Montgomery Ward & Co. v. Home Insurance Co.*, 324 Ill. App. 3d 441, 449 (2001); *Illinois Founders Insurance Co. v. Barnett*, 304 Ill. App. 3d 602, 611-12 (1999); *Cincinnati Insurance Co. v. Baur's Opera House, Inc.*, 296 Ill. App. 3d 1011, 1018 (1998); *Zurich Insurance Co. v. Walsh Construction Co. of Illinois, Inc.*, 352 Ill. App. 3d 504, 511 (2004). Although citing *Rice*, the *Vega* court apparently considered prejudice to the insurer as one indicator that the insurer did not receive reasonable notice of a lawsuit. *Vega*, 313 Ill. App. 3d at 636. *AAA Disposal* and *Montgomery Ward* dealt with notices of occurrences, and therefore cited the *Rice* rule about notice of suit only to determine that it did not apply. *AAA Disposal*, 355 Ill. App. 3d at 284; *Montgomery Ward*, 324 Ill. App. 3d at 449. The court in *Illinois Founders* mentioned *Rice*'s reference to insurer prejudice, but did not rely on prejudice for its decision, determining instead that the notice requirement at issue had not been breached. See *Illinois Founders*, 304 Ill. App. 3d at 611-12. The court in *Zurich* reached a similar result. *Zurich*, 352 Ill. App. 3d at 511-12. In *Cincinnati Insurance Co.*, the appellate court found that the insurer had received reasonable notice, but was nevertheless prejudiced, and remanded for reconsideration in light of *Rice*. *Cincinnati Insurance Co.*, 296 Ill. App. 3d at 1020. Another case, *Household International, Inc. v. Liberty Mutual Insurance Co.*, 321 Ill. App. 3d 859 (2001), cited *Illinois Founders* for the *Rice* rule, but did not require that rule for its result because it found that the excess insurer in question had no duty to defend. *Household International*, 321 Ill. App. 3d at 877.

We will not permit the anomaly of *Rice* to supersede decades of case law that accords with this court's statement in *Simmon*. The relevant language in *Simmon* states not only that "lack of prejudice may be a factor in determining the question of whether a reasonable notice was given in a particular case," but that lack of prejudice "is not a condition which will dispense with the requirement" of reasonable notice. *Simmon*, 3 Ill. 2d at

˘11˘

321. *Simmon* therefore clearly held that even if there is no prejudice to the insurer, a policyholder still must give reasonable notice according to the terms of the insurance policy. This court in *Simmon* did not distinguish between notice of an occurrence and notice of a lawsuit, and we decline to do so today.

Accordingly, we hold that the presence or absence of prejudice to the insurer is one factor to consider when determining whether a policyholder has fulfilled any policy condition requiring reasonable notice. We also hold that once it is determined that the insurer did not receive reasonable notice of an occurrence or a lawsuit, the policyholder may not recover under the policy, regardless of whether the lack of reasonable notice prejudiced the insurer. To the extent that *Rice* and its progeny contradict our holdings, these cases are overruled.

However, defendants and their *amici* do not rely on *Rice* alone to argue that this court should adopt a new rule. For several reasons, they propose varying forms of a requirement that an insurer must show it was prejudiced by untimely notice if it wishes to deny coverage based on the breach of a notice condition. Gaffrig and Livorsi argue that this court should adopt this prejudice requirement when construing policy conditions that require timely notice of suit, while their *amici* argue that we should adopt a prejudice requirement for breaches of all policy conditions requiring notice. We do not find the arguments for either approach to be persuasive.

First, defendants and their *amici* argue that adopting a prejudice requirement would align Illinois with a majority of states. Many other states do utilize this requirement, an approach which is frequently known as the "notice-prejudice" rule. See *Friedland v. Travelers Indemnity Co.*, 105 P.3d 639, 643 (Colo. 2005). While these states do require a showing of prejudice for an insurer to escape a policy obligation because of delayed notice, we note that their case law does not distinguish between notice of an occurrence and notice of a lawsuit. See, *e.g.*, *Atchison, Topeka & Santa Fe Ry. Co. v. Stonewall Insurance Co.*, 275 Kan. 698, 761-62, 71 P.3d 1097, 1139 (2003) ("this court has not indicated that it would make a distinction between notice of an occurrence and a suit"); *Miller*

*v. Marcantel*, 221 So. 2d 557, 560 (La. App. 1969) ("We are unable to discern any logical or functional reason why a different rule should apply in Louisiana to the delayed notice of suit, than we now apply to the delayed notice of accident"); *Cooperative Fire Insurance Ass'n of Vermont v. White Caps, Inc.*, 166 Vt. 355, 361-62, 694 A.2d 34, 38-39 (1997) (addressing the purpose of policy provisions requiring notice of accident, claim, or suit); see generally 32 A.L.R.4th 141, 145 (1984).

Instead, states that use the "notice-prejudice rule" require a showing of prejudice when an insurer seeks to escape policy obligations based on any type of delayed notice. In contrast, the *Rice* rule endorsed by Gaffrig and Livorsi requires a showing of prejudice only when the delay at issue is a delay in notice of suit. Because the *Rice* rule treats notice of suit differently than notice of occurrence, the *Rice* rule is inconsistent with other states which treat all forms of notice in the same way. Thus, adopting the *Rice* rule would create a new inconsistency between Illinois and its sister states: we would become unique by treating different types of notice differently. We see no reason to abandon our own precedent for a new and unique inconsistency, and therefore Gaffrig and Livorsi's argument in favor of consistency fails.

Defendants' *amici* make a stronger argument for consistency by asking us to adopt the notice-prejudice rule for both notice of occurrence and notice of suit, as other states have done. However, we are not inclined to adopt a rule that the parties themselves have not requested.

Second, defendants and their *amici* argue that public policy considerations favor a prejudice requirement. They argue that the terms of insurance contracts are not freely negotiated, that public policy favors risk-spreading and compensation of injured parties, and that an insurer should not receive a windfall based on a policyholder's technical violation. Country Mutual and its *amici* counter with the argument that it is unfair to impose the burden of proving prejudice on the insurer when it is comparatively easy for a policyholder to give notice. They also argue that requiring insurers to prove prejudice would increase costs for insurers and the public. We need not address these

policy arguments at great length. Balancing dueling policy concerns is a more appropriate role for the legislature than for this court. *Cf. Members Mutual Insurance Co. v. Cutaia*, 476 S.W.2d 278, 281 (Tex. 1972) ("on balance, it is better policy for the contracts of insurance to be changed by the public body charged with their supervision, the State Board of Insurance, or by the Legislature, rather than for this Court to insert a provision that violations of conditions precedent will be excused if no harm results from their violation"); *PAJ, Inc. v. Hanover Insurance Co.*, 170 S.W.3d 258, 262 (Tex. Civ. App. 2005) (explaining regulation that responded to *Cutaia*).

However, we do note that the defendant companies' policy arguments have as a common theme the disparate balance of power between insurer and policyholder. This theme is not especially persuasive when the policyholders in the present case are two sophisticated commercial parties who were represented by counsel from the inception of the events in question, particularly when one policyholder contacted the insurer prior to filing suit and was advised to take steps to determine if coverage would be available.

One policy argument bears special attention. Gaffrig, Livorsi, and their *amici* argue that the notice-prejudice requirement would be consistent with the rule this court adopted in *M.F.A. Mutual Insurance Co. v. Cheek*, 66 Ill. 2d 492 (1977). In *Cheek*, we addressed cooperation clauses, insurance policy conditions which require the policyholder to cooperate with the insurer. *Cheek*, 66 Ill. 2d at 498. We held that unless a breach of the cooperation clause substantially prejudices the insurer, the insurer cannot rely on the breach to escape its obligations under the policy. *Cheek*, 66 Ill. 2d at 498. Thus, Gaffrig, Livorsi, and their *amici* ask us to adopt a similar prejudice requirement for breaches of a policy's notice clauses.

For two reasons, we do not find *Cheek* persuasive in this case. First, the appellate court in *Cheek* examined the differences between the requirements of notice and cooperation. *M.F.A. Mutual Insurance Co. v. Cheek*, 34 Ill. App. 3d 209, 218 (1975). Relying on the concern this court expressed in *Simmon* for protecting injured third parties, it found that "[a]n accident victim may provide the notice that an

˘14˘

insured neglects to give his insurer, and may thereby prevent the insurer from escaping its duty to pay. An accident victim may not supply the cooperation that an insured fails to give his insurer, and is completely powerless to remedy the insured's breach of the cooperation clause." *Cheek*, 34 Ill. App. 3d at 218. See also *Miller v. Dilts*, 463 N.E.2d 257, 265 (Ind. 1984) (addressing differences between notice and cooperation clauses). Thus, conditions of notice and cooperation are not entirely similar, and Illinois courts have not treated them similarly in the past. Second, our opinion in *Cheek* relied in part on a collection of Illinois appellate decisions that all relied on some form of prejudice inquiry. Our decision today is similarly in accord with the predominant analysis used by the appellate court, and it is further tied to our own analysis in *Simmon*. *Cheek* does not provide convincing support to alter an approach widely used by Illinois courts for decades.

## Conclusion

Having determined that the circuit court applied the appropriate rule in this case, we affirm its judgment. Gaffrig and Livorsi have argued only that this court should adopt the notice-prejudice rule. They have not argued that the circuit court misapplied our existing rule. Stated differently, they have not appealed the circuit court's conclusion that Country Mutual did not receive the notice to which it was entitled. Thus, we express no opinion as to whether the notice in this case was reasonable. Further, we express no opinion as to whether Country Mutual was prejudiced by the delayed notice. Instead, we affirm the circuit court's legal conclusion that, in the absence of reasonable notice, Country Mutual is relieved of its duty to defend the companies.

The judgment of the appellate court, which affirmed the judgment of the circuit court, is affirmed.

*Judgment affirmed.*