NOTICE
Decision filed 10/24/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210404-U

NO. 5-21-0404

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-MR-183 |
| PEOPLES NATIONAL BANK, N.A., ROBERT NEWMAN, and TERRY NEWMAN, | ) ) ) ) | |
| Defendants | ) ) | |
| (Peoples National Bank, N.A., Defendant-Appellant). | ) ) ) | Honorable Michael A. Fiello, Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*: The order of the circuit court is reversed where the court failed to properly consider the applicable factors in determining whether Peoples National Bank's delayed notice to Fidelity and Deposit Company of Maryland of potential liability was reasonable under the circumstances and where application of said factors presented a genuine issue of material fact.

¶ 2   On December 15, 2016, the appellee, Fidelity and Deposit Company of Maryland

(F&D), filed a complaint for declaratory judgment in the circuit court of Jackson County.

1

The complaint asserted that the appellant, Peoples National Bank (PNB), was not covered under the terms of the insurance policy provided by F&D for the amended third-party complaint for breach of contract, breach of fiduciary duty, and conversion, complaint and *qui tam* actions filed by Terry and Robert Newman (Newmans)—a third party not subject to this appeal—against PNB.

¶ 3    The trial court granted F&D's motion on the pleadings pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)).  In granting the motion, the court found that PNB was required to give notice to F&D of the breach of contract claim filed by the Newmans in order to be indemnified for the later amended complaint's causes of action for breach of fiduciary duty and conversion, even though it was factually undisputed that the original claim for breach of contract was not covered under the insurance policy provided by F&D.  For the following reasons, we reverse and remand for further proceedings.

¶ 4                                I. BACKGROUND

¶ 5    F&D insured PNB through two insurance policies that provided uninterrupted coverage from April 15, 2001, through April 15, 2007.  The first policy provided coverage from April 15, 2001, through April 15, 2004; the other provided coverage from April 15, 2004, through April 15, 2007.

¶ 6    The policy stated that:

> "In consideration of the payment of the premium and in reliance upon all statements made and information furnished to the Insurer, ***, and subject to all the terms, conditions, limitations and exclusions of this policy, the insurer agrees:
>                              * * *

2

(C) with the company that if, during the policy period, any claims are first made against the Company for a wrongful act, the Insurer will pay on behalf of the Company all loss resulting therefrom."

¶ 7    The definition section of the policy states in relevant part the following:

"(B) Claim means a director and officer claim, an entity claim, an employment practices claim, a lenders' liability claim, a securities claim and a trust department claim.

* * *

(L) Loss means any amount which any Insured is legally obligated to pay as a result of a claim, including damages, judgments, settlements and defense expenses; provided, however, that loss shall not include:

* * *

(5) matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed.

* * *

(S) Wrongful act means:

(1) any actual or alleged act, error, neglect, omission, misstatement, misleading statement or breach of duty which shall have been committed or attempted, or which shall be alleged to have been committed or attempted:

* * *

(c) with respect to the coverage provided under SECTION 1.(C) (if so indicated on the Declarations Page), by the Company[.]"

¶ 8    The terms of the policy specifically excluded any claim against PNB for liability "under any contract or agreement." The policy's notice provision required PNB to give written notice of a claim as soon as practicable, but no more than 30 days after the date of termination of any policy period. The tail provision available to PNB provided that for the cost of 75% of the total policy premium, the insured could purchase an extension to report a claim for up to one year so long as the event occurred before cancellation of the policy.

¶ 9    The underlying litigation that led to this appeal began as a breach of contract claim filed in the Jackson County circuit court in 2002 by the Newmans. The following facts are relevant to this appeal. In September 1998, the Newmans entered into a five-year

3

commercial lease agreement and obtained financing through PNB to form New Group, Inc., which operated the Newmans' eight Taco John's franchises. In March 2001, the Newmans sold New Group to Amigos Food Service, LLC (Amigos); PNB provided financing to Amigos for the purchase. Sometime in 2002, Amigos defaulted on its financial obligations. On October 25, 2002, and November 4, 2002, the Newmans were notified of this default and of their obligation for the rent pursuant to the lease agreement. The Newmans subsequently demanded that, pursuant to the debt-retirement agreement, PNB use the $81,000 set aside from the $150,000 letter of credit to pay the outstanding lease obligations. However, on multiple occasions ranging from April 30, 2002, to December 12, 2002, PNB instead allocated the funds to various other account balances owed by Amigos; all but one of these accounts were obligations for which the Newmans were not personally liable.

¶ 10     On November 22, 2002, Dan Stevens and Neil Thomposn filed suit against the Newmans for failure to pay rent, insurance, and taxes under the lease agreement. See *Stevens v. Newman*, 2015 IL App (5th) 130338-U. On February 14, 2003, the Newmans filed a complaint against PNB for breach of contract. Twenty-one months later, on November 5, 2004, the Newmans amended the complaint to include additional counts for conversion of the letter of credit proceeds and breach of fiduciary duty in applying the proceeds of the letter of credit.

¶ 11     On November 18, 2013, the trial court entered judgment on the pleadings against PNB on the Newmans' breach of contract claim. The court found that pursuant to their agreement, PNB was required to reserve the $81,000 to secure the Newmans' lease

obligations. This court affirmed and found that the Newmans were entitled to judgment on the pleadings as a matter of law. See *Stevens v. Newman*, 2015 IL App (5th) 130338-U.

¶ 12    In December 2016, F&D brought an action for declaratory judgment in which it denied that it had any contractual obligation to indemnify PNB under the terms of the insurance policy for the Newmans' suit because PNB failed to notify F&D of the breach of contract suit during the 2011-2004 policy period. On February 26, 2021, F&D filed a five-count amended complaint. On March 24, 2017, PNB filed an answer, affirmative defenses, and counterclaim to F&D's action. In the answer, PNB denied that it failed to comply with the notice provision of the policy that was active from 2001 through 2004 and asserted that it performed all conditions precedent as required under the terms of the policy.

¶ 13    PNB counterclaimed for coverage of the claims for breach of fiduciary duty and conversion filed by the Newmans and for coverage of the *qui tam* action. In response to the claim of late notice, PNB asserted that the original claim filed by the Newmans for breach of contract was not covered under the terms of the insurance policy, and that it was not until the Newmans amended the complaint in 2004 to include allegations of breach of fiduciary duty and conversion that there existed a cognizable claim for indemnification under the policy terms. Because it was undisputed that the terms of the policy did not cover breach of contract claims, PNB asserted that tendering the claim to F&D at the time the Newmans first filed suit would have been futile.

¶ 14    On April 14, 2021, F&D filed a response claiming that tendering the Newmans' original claim for breach of contract only would not have been futile as it would have

5

triggered coverage and fulfilled the notice requirement iterated in the policy terms. On July 15, 2021, F&D filed a motion for a judgment on the pleadings as to the first three counts of the amended complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). PNB filed a memorandum in opposition of F&D's motion arguing, *inter alia*, that Illinois law did not require insureds to give notice to insurers of an incident if the claim was clearly not covered under the terms of the insurance policy. PNB also argued that whether its notice was required or delayed was a genuine issue of material fact, and, therefore, a judgment on the pleadings was inappropriate.

¶ 15    On October 4, 2021, the trial court held a hearing on the motion. On November 3, 2021, the court granted F&D's motion in its entirety. It found that, though the third-party claim was not covered under the terms of the policy, notice was still required under the provisions of the policy where the policy's notice requirement did not exclude claims not covered by the policy. The court further found there was no genuine issue of material fact. PNB appeals.

¶ 16                                    II. ANALYSIS

¶ 17    The appellant raises four issues on appeal: (1) the trial court failed to properly consider whether PNB's notice was reasonable under the facts and circumstances of the case, (2) the court improperly held that uncovered claims had to be reported under the terms of the policy, (3) futility of notice was not an issue of law that could be decided on a motion for judgment on the pleadings, and (4) the intent for continuous and uninterrupted coverage as demonstrated by the policy renewal was not addressed by the court.

¶ 18    Dispositive of this appeal, we address the trial court's granting of judgment on the pleadings where there existed a genuine issue of material fact. We review *de novo* a judgment on the pleadings. *Hess v. Estate of Klamm*, 2020 IL 124649, ¶ 14. A motion for judgment on the pleadings, though similar to a motion for summary judgment, is limited to the pleadings. *Direct Auto Insurance Co. v. Merx*, 2020 IL App (2d) 190050, ¶ 11. Judgment on the pleadings should only be granted if the allegations and admissions contained in the pleadings reveal no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *State Farm Fire & Casualty Co. v. Tillerson*, 334 Ill. App. 3d 404, 407 (2002). In determining whether judgment is appropriate, trial courts must consider all well-pled facts by the nonmoving party as true along with any fair inferences drawn from those facts. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 158 (2010). "We must also examine the pleadings to determine whether a genuine issue of material fact exists, and if we find no such issue, then we determine if the matter at issue can be resolved solely as a matter of law." *Tillerson*, 334 Ill. App. 3d at 407.

¶ 19    In interpreting the terms of an insurance policy, a trial court must ascertain and give effect to the intentions of the parties, as expressed in the policy language. *Country Mutual Insurance Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311, 305 (2006). The policy must be construed as a whole, giving effect to every provision. *Id*. at 311. Unambiguous words in the policy are to be given their plain, ordinary, and popular meaning. *Id*. Where language is ambiguous, courts are to construe the policy liberally in favor of coverage. *Id*.

¶ 20    Notice provisions contained in an insurance policy impose valid prerequisites to insurance coverage. *Id*. A policy provision requiring notice "as soon as practicable" means

7

notice must be given " 'within a reasonable time.' " *Id.* (quoting *Barrington Consolidated High School v. American Insurance Co.*, 58 Ill. 2d 278, 281 (1974)).  Whether notice has been given within a reasonable time is fact dependent and must be determined on a case-by-case basis.  *Id.* at 311-12.  If an insured breaches a notice clause by failing to give reasonable notice, then the insured cannot recover under the policy.  *Id.* at 312 (citing *Simmon v. Iowa Mutual Casualty Co.*, 3 Ill. 2d 318, 322-23 (1954)).  The timeliness of an insured's notice to its insurer generally is a question of fact.  *Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc.*, 313 Ill. App. 3d 457, 465 (2000).  The following factors may be considered in determining whether notice to an insurer has been given within a reasonable time: (1) the specific language of the policy's notice provision, (2) the insured's sophistication in commerce and insurance matters, (3) the insured's awareness of an event that may trigger insurance coverage, (4) the insured's diligence in ascertaining whether policy coverage is available, and (5) prejudice to the insurer.  *Country Mutual*, 222 Ill. 2d at 313.

¶ 21    Here, the trial court erred where there was a genuine issue of material fact as to the five applicable factors discussed above and whether, based on those factors, PNB's belated notice was given as soon as was practicable.  The application of said factors is necessary to determine the applicability of the insurance policy at issue and is therefore a genuine issue of material fact.  Therefore, the court erred in failing to consider said factors and, thus, judgment on the pleadings was inappropriate.

8

¶ 22                                    III. CONCLUSION

¶ 23    Based on the foregoing, we reverse the order of the circuit court of Jackson County

entering a judgment on the pleadings in favor of F&D and remand for further proceedings.


¶ 24    Reversed and remanded.